## PICO v. SUNOL.

An injunction will not lie to enjoin a judgment by default, on the ground that the sheriff's return on the summons does not show the place in which service was made on the defendant, where it is proved on the hearing of the application for injunction, that defendant was served in a certain county of this State more than forty days before entry of his default.

Courts of equity will not interfere to enjoin a judgment not manifestly wrong, simply because of a defect in the evidence.

The remedy of the defendant is by appeal, or motion to vacate the judgment.

APPEAL from the District Court of the Third Judicial District, County of Santa Clara.

The plaintiff filed his bill February 6th, 1855, to enjoin all proceedings under a judgment obtained by A. Sunol, one of the defendants against the plaintiff and J. De Toro, the other defendant, in 1851, in the Court below. The bill denies that service of summons in the action, in which said judgment was rendered, was ever made on plaintiff, and sets forth the sheriff's return on the summons, which is in these words : " Served on J. Jesus Pico in person, by delivering a copy of summons and a copy of complaint, this 25th day of September, at 10 A. M., A. D. 1851. Henry S. Dally, Sheriff." The plaintiff charges the judgment to be void for want of jurisdiction of the Court over the person of the plaintiff, defendant in that action.

On the hearing of the application, it was proved that Dally was sheriff of the county of San Luis Obispo, and as such served the process on plaintiff, at the date named in the return. The Court below granted the injunction. Defendant Sunol appealed.

L. Archer for Appellant.
Cited, Crane v. Brannan, 3 Cal. R., 192 ; Pollock v. Hunt, 2 Cal. R., 193 ; Shattuck v. Wheeler, 3 Johns. Ch. R., 276 ; Dewitt v. Hayes, 2 Cal. R., 463 ; Egery & Hinckley v. Buchanan, 5 Cal. R. 53 ; Guy v. Ide, Jan. T., 1856.

Wallace & Ryland for Respondent.
Cited, 1 Texas R., 2 Peters R., 166 ; 1 Peters R., 341 ; 11 Peters, 473 ; Wright v. Douglass, 10 Barb., 110 ; 2 Scam., 365 ; 1 Scam., 174 ; 3 Scam., 575 ; 3 Barb., 556 ; 5 Peters, 341 ; 1 Story Eq. Jur., p. 32.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Chief Justice MURRAY concurred.

In 1851, Sunol commenced suit in Santa Clara county against Pico and De Toro, for the recovery of a sum of money due on a promissory note ; service was had on both defendants, Pico being served in the county of San Luis Obispo. After the lapse of more than forty days,

no answer having been filed, the clerk, on application of Sunol's attorney, entered judgment against both defendants for the amount due.

Pico had notice of the entry of this judgment, but took no steps to have it vacated until 1855; after the lapse of more than three years he institutes this proceeding for the purpose of enjoining all proceedings against him under said judgment.

It is now contended that the judgment entered against Pico is a nullity, because the return of the sheriff did not state the place where such service was made, and was, therefore, insufficient to give jurisdiction of the person of Pico. Jurisdiction of the person of defendant is acquired by the service of process, and dates from such service, and not from the return, which is only one of the modes laid down by the statute of proving the service, and which, if irregular or insufficient, may be amended or explained.

It is in evidence in this proceeding, that service was duly made on Pico, at San Luis Obispo, by the sheriff of the county handing to him a certified copy of the summons and complaint in the action. From the date of that service the Court acquired jurisdiction, to have control over all subsequent proceedings. Practice Act, § 35.

It may be that the evidence of service on file was insufficient to authorize the rendition of judgment against Pico, but this objection should have been taken advantage of either upon appeal, or motion to vacate the judgment.

I know of no instance where a Court of equity has interfered to enjoin a judgment not manifestly wrong, simply because of a defect in the evidence.

Judgment affirmed with costs.