## HICKMAN v. O'NEAL (SHERIFF) et al.

The question, as to whether the act of the Legislature organizing the Superior Court of the city of San Francisco, was, in its general provisions, constitutional, is put to rest upon the doctrine of *stare decisis*.

The act of the Legislature, giving the power to the late Superior Court of the city of San Francisco to send its process beyond its territorial limits, was constitutional.

That Court was no less "an inferior Court," from the possession of the power to send its process out of the city.  Its jurisdiction was not enlarged by the possession of that power.  The prescribing of this mode, or any other mode, of enforcing its decree or exercising its powers, is merely a matter of remedy or practice, which is left to the legislative direction.

"Jurisdiction is the power to hear and determine;" but after the determination of a matter over which the Court has this cognizance, it can not be contended that a law, fixing the mode by which effect is to be given to a lawful judgment, is not a mere subject of municipal regulation, which has nothing to do with a question of jurisdiction.

That Court was not intended to be an inferior Court in respect to the mode of enforcing its process, but in respect to the character of the subjects of its jurisdiction, and a subordinate relation to other tribunals.

The case of Meyer v. Kalkmann, (6 Cal., 582,) overruled.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

This was a suit in equity to prevent the sale, under execution,

by the defendant O'Neal, as sheriff of San Joaquin county, of certain real estate, claimed and possessed by the plaintiff.

The respondent filed this bill, averring his possession of and title to certain real estate in the city of Stockton, which he purchased at sheriff's sale, under an execution against Adams & Co., and also claimed it under a tax sale.   The judgment under which respondent claimed title, was rendered in the late Superior Court of the city of San Francisco; subsequently to the plaintiff's purchase, the same premises were levied upon by an execution issuing from the District Court of the county of San Joaquin, and the sheriff advertised and was proceeding to sell the property under it.   The respondent enjoined the sale.

The title, at the time of the levy and sale under the first execution, was admitted to be in the defendants in execution, Adams & Co.; and the possession of respondents, at the time of the suit, was also conceded.

The Court below decreed that the injunction be made perpetual, and that plaintiff recover his costs.   From which decree the defendants appealed to this Court, and assigned as error the decree of the Court, on the ground that respondent had no title in said premises, the late Superior Court possessing at the time no power to send its process to enforce its judgments beyond the limits of the city of San Francisco.

*Winans* for Appellants.

So far as plaintiff relies in the Court below upon a claim of title to the premises, derived through the Superior Court of San Francisco, the question has been settled adversely to his claim by the decision of this Court in the case of Meyer *v.* Kalkmann, 6 Cal. R., 582, wherein it is held that the act giving to the Court the power to extend its jurisdiction, or to let its process run beyond the territory of the city of San Francisco, is invalid, and we rest this branch of the case, without further consideration, upon the doctrine of *stare decisis.*   The sale of the premises, having been made under an execution issued from the said Superior Court, was void, and the sheriff's deed given thereunder could confer no title.

*L. Sanders, Jr.,* for Respondent.

The Superior Court of San Francisco was made a Court of Record.   Wood's Digest, 157, § 83.   We say that execution can be issued to any county of the State, by direct statute.   Wood's Digest, 195, § 216.

The act establishing the Superior Court of San Francisco makes it a Municipal Court, as has been decided by this Court; but the Legislature, in that act, while it gives it a civil jurisdiction in which the amount in controversy exceeds two hundred dollars, exclusive of interest, or which involves the title or pos-

session of real property situate in the city of San Francisco, etc., extends its power by declaring:

" This Court, and the Judges thereof, shall have power to issue all writs necessary and proper to the complete exercise of the powers conferred by this and other statutes, and may send its writs, process, and orders out of the city of San Francisco, in the actions and proceedings in which it has jurisdiction by this act." See Compiled Laws of California, 743, § 34.

Now, suppose a party should bring his suit in this Court, having jurisdiction over his person and property, and after service of process, should move just outside of the city, into another county, or elsewhere in the State, and take his property with him, there would be no remedy without multiplicity of action, which the "law abhors," if the views of the appellant are sussustained. But suppose there was a party plaintiff, and a party defendant, resident in San Francisco during the existence of that Court, the defendant having real property out of San Francisco and none in it, he would be without remedy, which is hateful to the law, because the Courts of the counties could not entertain jurisdiction unless by the assertion of a special lien upon the land, which would give jurisdiction.

In Ohio, it has been decided in two cases where an execution had been sent out of the limited jurisdiction of the Courts, that the proceedings under them are not nullities or void, but merely voidable. See Green v. Cartwright, Wright's Ohio, 378; Harman v. Gould, Ib., 709; Lyon v. Fish, 20 Ohio, 100; Ib., 105–8.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

The right of a party to enjoin a sale of his property for another's debt is not denied, and is supported by several decisions of this Court. The appellant's defence is, that no sale to the plaintiff, passing the title to the lots, has been shewn; but that the title still remains in Adams & Co. The ground of this claim is, that the Superior Court of San Francisco was a Municipal Court, and had no power to send its process to enforce its judgments beyond the limits of that city. No point is made as to the regularity of the judgment or proceedings under it.

In support of this position, the appellant relies upon the case of Meyer v. Kalkmann, (6 Cal. R., 590.,) and that case certainly seems to sustain him. But we do not think that the ruling in that case can be maintained.

It is not necessary to consider at any length the question—as to which some difference of opinion has been expressed—whether the act organizing the Superior Court of San Francisco was, in its general provisions, constitutional. This Court has put that question to rest on the doctrine of stare decisis. We think it might have been placed, if thought necessary, upon

broader ground. Upon principle and authority, the constitutionality of that act, we suppose, might be safely rested. Beaubien v. Brinkenhoff, (2 Scam., 273;) Nugent v. The State, (18 Ala., 521;) Thomas v. The State, (5 How. Miss., 20;) Houston v. Royston, (7 How., 548,) are authorities for the position, and the able opinion of Chief Justice Sharkey, in the case last cited, fortifies it. But, assuming the premises of the opinion in Meyer v. Kalkmann, the conclusion drawn from them by no means follows. It is not perceived, because the late "Superior Court was a Court of inferior, limited, and special jurisdiction," that it "must necessarily be confined to the municipal territory for which it was specially created, and the Legislature has no power to let its process run beyond its territory." The act of the Legislature giving this power is clear; the authority to render the judgment conceded. How is it shewn that the mere remedy to enforce the judgment, by sending its process out of the city, is a clear, or any, violation of the Constitution? What clause or article of the Constitution does the act contravene? What inhibits the Legislature from giving a Probate Court, "which is also a Court of limited and inferior jurisdiction," a right to enforce or have its orders or its judgments enforced in any county of the State? or what inhibits the Legislature from passing an act empowering the sheriff of one county to execute a warrant issued by a justice of the peace of a different county; or, to come nearer to this Court in the view taken of it in Meyer v. Kalkmann, wherein would it be unconstitutional for the Legislature to authorize the sheriff of Alameda to collect a fine imposed by the late recorder or Police Judge of San Francisco? The Superior Court of San Francisco would be no less an inferior Court from the possession of the power to send its process out of the city. Its jurisdiction would not be enlarged by it. The prescribing of this mode, or any other mode, of enforcing its decree or exercising its powers, is merely a matter of remedy or practice which is left to the legislative direction. "Jurisdiction is the power to hear and determine," but after the determination of a matter over which the Court has this cognizance, it can not be contended, it seems to us, that a law fixing the mode by which effect is to be given to a lawful judgment, is not a mere subject of municipal regulation, which has nothing to do with a question of jurisdiction. No man can be deprived of his liberty or property except by due course of law, but what that course shall be, and after it is run, the mode of the taking, are, like the great mass of powers of government, left to the discretion of the Legislature. The Superior Court was not intended to be an inferior Court in respect to the mode of enforcing its process, but in respect to the character of the subjects of its jurisdiction, and a subordinate relation to other tribunals.

The inferior Court, can not, it is true, act upon subjects or per-

sons beyond the limited sphere to which it is restricted; but after it has acted, the mere process by which it is to enforce its judgments, is within the scope of the legislative power.

It is not necessary to consider the title of the plaintiff under his tax deed, inasmuch as, resting alone upon the sheriff's deed, we think the decree below should be affirmed.