## LOWE v. ALEXANDER et al.

The recital in the docket of a Justice, who had rendered judgment, that the summons was "returned duly served," is of no weight to prove proper service of the summons. The return of the officer is as much a part of the record as the docket itself, and if the return fail to show sufficient service, the recital, being based on the return alone, amounts to nothing more than the opinion of the Justice, and cannot be relied on to give validity to the judgment.

Such a recital embraces no question of fact, and does not, therefore raise the question whether the decision of an inferior Court, establishing the existence of a fact essential to its jurisdiction, can be attacked in a collateral proceeding, upon which point this Court expresses no opinion.

The record of the proceedings in a Justice's Court, in which judgment was rendered, must affirmatively show that the suit was brought in the proper township, or the proceedings are coram non judice and void; and the failure of defendant, after summons served, to appear and object that suit was brought in the wrong township, is no waiver of the objection.

Lowe *v.* Alexander.

Where the record shows that suit was brought in township No. 4, Sierra county, that the summons was served, by the Constable of that township, in township No. 3, and it nowhere appears either that the defendant was a resident of township No. 4, or a non-resident of the county, or that the suit was within any of the other exceptions of the statute, (Wood's Dig. 232, 233) the judgment rendered is void, and not admissible as evidence of title upon a sale made thereunder.

A Constable has no power to execute process out of his township.

In ejectment for an interest in a mining claim, the answer being a general denial, defendant cannot defeat the action by showing the claim to be partnership property. Any rights defendant may have in the premises, growing out of the partnership, must be asserted in equity, particularly as the legal title in this case is in plaintiff.

APPEAL from the Seventeenth District.

Ejectment for one-eighth interest or share in mining claims known as the "Democratic Company" claims, the averment in the complaint being that plaintiff "was lawfully seized and possessed," and that defendants, "with force and arms, wrongfully and unlawfully broke and entered," * * * "and unlawfully ejected said plaintiff and took possession * * * and still continue forcibly, unlawfully and wrongfully to withhold the possession, * * * and wrongfully, and without color of right, claim to be the owners of the same," etc.

The answer denies generally each and every allegation of the complaint.

The summons in the suit before the Justice of township No. 4 against Schmidt was dated August 24th, 1858, and made returnable August 27th, 1858. The return of the Constable endorsed thereon is: "Served the within summons by delivering a true copy thereof to the defendant, Frank Schmidt, at Cold Cañon, Sierra county, State of California, in township No. 3, on the twenty-fifth day of August, A. D. 1858.

"H. B. SUMMERS,

"Constable Township No. 4."

On the transcript of the Justice's docket appears the following entry:

"The proper bond and affidavit being filed to authorize the issuance of a writ of attachment against the property of defendant, writ issued same time of summons, papers delivered to H. B. Summers, Constable in and for township No. 4 for service same day they were issued, and were returned duly served."

Plaintiff had judgment. Defendants appeal.

20

*Harry I. Thornton, Jr. & O. B. Tyler,* for Appellants.

1. The Constable of a county can serve Justices' summons anywhere in his county. (Pr. Act, secs, 542, 554, 559, 602; Wood's Dig. arts. 306, 307; *Schwefel* v. *Taylor,* 10 Wend. 196.)

2. Service of summons from Justice's Court in one township, by Constable of same township, on defendant in another township of same county, is good and valid service. (Prac. Act, secs. 535, 604; *Barns* v. *Stearns,* 4 Coms. 375; *Sheldon* v. *Wright,* 1 Seld. 511, 497.)

3. By such service, jurisdiction was acquired over the defendant, and cannot be questioned in this collateral proceeding. ( *Gay* v. *Hawes,* 8 Cal. 562; *Whitewell* v. *Barbier,* 7 Id. 63; *Smith* v. *Andrews,* 6 Id. 654; *Swain* v. *Chase,* 12 Id.; 3 Cranch, 331; 1 Smith's Leading Cases, 816, 832, 847, 844; *Ex parte Watkins,* 3 Pet. 209; *Deidesheimer* v. *Brown,* 8 Cal. 340; *Hart* v. *Seixas,* 21 Wend. 47, 48, 49; *Fox* v. *Woods,* 1 Rawle, 143; 2 McCord, 400.)

4. That the Justice's summons was made returnable more than two days from its date, is no ground for impeaching the Justice's jurisdiction. (Prac. Act, sec. 541; *Hoose* v. *Sherril,* 16 Wend. 36; *Bromley* v. *Smith,* 2 Hill, 518.)

*Heydenfeldt,* also for Appellants.

1. The summons was not made returnable on any given day. Nor was such a direction necessary to confer jurisdiction. (Wood's Dig. 233, sec. 541.)

2. Art. 306, sec. 2, Wood, 92, prescribes the duties of Constables, but does not operate to limit. This act was passed April, 1850, and is not in conflict with the amendment to the Practice Act of May, 1854, (Wood, 233) which contemplates the power of the Constable to serve process out of his township. If it is in conflict, the latter act repeals it.

Besides, secs. 2 and 3 of the Practice Act seem clearly to give the power, (Wood, 234) and sec. 542 repels the idea of such a limitation, as does also sec. 554 (236) and sec. 602, (242) which expressly confer the power of service throughout the county in cases of attachment.

3. The residence of the defendant is not a jurisdictional fact. He is at liberty to waive it.

No presumption of residence arises from the place of service. The general rule which would require parties out of the township to answer

but for the exception, is the Act concerning Courts of Justice, (Wood, 155) which confers jurisdiction.

This act gives Justices jurisdiction, without any limitation as to place or person, the only restriction being in criminal cases, in regard to which the jurisdiction is confined to offenses committed within the county.

The Practice Act merely regulates proceedings, and does not affect jurisdiction.

4. Plaintiff and defendant were partners, and plaintiff's purchase was in bad faith, and conferred no title. Nor can one partner sue another partner at law, in respect to partnership property.

*Wm. W. Stewart & A. W. Baldwin,* for Respondent.

1. The Constable of township No. 4 had no authority to serve the summons upon Schmidt in township No. 3. (Act of 1850, Wood's Dig. art. 306; Pr. Act, sec. 542; *Reynolds* v. *Orvis,* 7 Cow. 269.)

2. It is not shown that Schmidt was a resident of township No. 4, in which suit was brought.

3. All facts necessary to confer jurisdiction must be shown affirmatively, before any rights can be claimed by virtue of a judgment of any Justice of the Peace. (1 Smith's Lead. Cases in note to *Cropps* v. *Durden,* 703, and cases there cited; *Bowman* v. *Russ,* 6 Cow. 233; *Barnes* v. *Harris,* 4 Comst. 374, dissenting opinion of Bronson; *Smith* v. *Andrews,* 6 Cal. 654; *Whitewell* v. *Barbier,* 7 Id. 64; *Swain* v. *Chase,* 12 Cal.; 2 Bac. Ab. 626 and 630; 6 East, 600; 1 Saunders, 74; 9 Modern, 95; 3 Esp. 280; *Rex* v. *Walcott,* 6 Term, 586; 6 Mod. 223; *Whitehead* v. *Brown,* Ld. Raym. 1310; *Rex* v. *Clegg,* 1 Stra. 476; *Rex* v. *Helling,* Id. 8; 1 Wash. 81; 3 Dall, 382; 4 Id. 7; Id. 8; Id. 13; 1 Cranch. 343; 2 Cranch. 9; Id. 126; 4 Id. 46; 5 Id. 172; 4 Johns. 292; 9 Cow. 227; 4 Dall, 11; 1 Bailey (S. C.) 459; 2 Id. 267; Walker, 75; 5 H. & J. 36; 3 Yerg. 355; 10 Cow. 514; *Munayunk* v. *Davis,* 2 Parsons' Eq. Cases, 291; 2 Zab. 366; 9 Wheat. 541.)

4. It was not necessary for Schmidt to appear and object to the jurisdiction of the Justice. (18 Ala. 694.)

5. As to the partnership, that fact is not found by the Court below, and this Court will not review the testimony, there being no motion for new trial. (*Covillaud* v. *Turner,* 7 Cal. 38; *Ingraham* v. *Gildermester,* 2 Id. 483.)

Besides, if there were any partnership, it was a partnership in working the mine, not in the mine itself. (*Roberts* v. *Everhardt*, 23 Law and Equity, 249.) Further, one partner can buy the right of his copartner in the partnership at Sheriff's sale. (*Gunter* v. *Laffan*, 7 Cal. 585.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover possession of an interest in certain mining claims in Sierra county. The interest belonged originally to one Schmidt, who, on the twenty-second of August, 1859, sold and conveyed the same to the plaintiff. On the trial of the case, the defendant offered in evidence a judgment and execution against Schmidt, for the sum of one hundred and eight dollars, together with interest and costs, and a Constable's deed, dated the nineteenth of March, 1859, reciting a sale of the property under such judgment and execution, and conveying the same to one of the defendants, who was the purchaser at the sale. The introduction of this evidence was objected to on several grounds, the principal one of which was, that the Justice before whom the judgment was obtained had no jurisdiction, and that consequently, the judgment was void. The Court sustained the objection, and excluded the evidence.

The objections relied upon as fatal to the jurisdiction of the Justice are—1st, that it does not appear from the record that the defendant was sued in the the proper township; and, 2d, that the Constable who served the summons was not an officer of the township in which the service was effected. In respect to the service of the summons, it is contended that the docket of the Justice, in which it is recited that the summons was "returned duly served," is conclusive. We do not see upon what principle this recital is entitled to any weight whatever. The return of the officer is as much a part of the record as the docket itself, and if such return fail to show a sufficient service, the recital in the docket based upon the return alone, cannot be relied upon as giving validity and effect to the judgment. Such recital amounts to nothing more than the opinion of the Justice as to the legal sufficiency of the return. It neither embraces, nor professes to embrace, the determination of any question of fact. Whether the decision of an inferior court, establishing the existence of a fact essential to the exercise of its jurisdiction, can be attacked in a collateral proceeding, is a question which does not arise in the case, and in relation to which we

express no opinion.   We have held, that such a decision is subject to review upon *certiorari.*   (*People ex rel. Whitney* v. *Board of Delegates San Francisco Fire Department,* 14 Cal. 479.)

In respect to the first objection, the record shows that the suit was for the recovery of money due upon a promissory note, that it was brought in township No. 4, Sierra county, and that the summons was served in township No. 3, of the same county.   It nowhere appears either that the defendant was a resident of township No. 4, or that he was a non-resident of the county.   The statute provides that " no person shall be held to answer to any summons issued against him from a Justice's Court, in a civil action, in any township or city other than the one in which he shall reside," except in certain cases therein mentioned, one of which is, that "when the defendant is a non-resident of the county, he may be sued in any township or city wherein he may be found."   (Wood's Digest, 232, 233.)   There is nothing to show that this suit was embraced by any of these exceptions.   If the defendant was a non-resident, it still does not appear that he was sued in the proper township, nor was the summons returnable in the proper time.   The reasonable conclusion is that he was a resident of the township in which he was served, but independent of this, we think it was incumbent upon the parties seeking to avail themselves of the judgment, to show affirmatively, from the record itself, that the Justice had jurisdiction.   It is well settled that no intendments can be indulged in favor of the jurisdiction of inferior courts, but that their jurisdiction must affirmatively appear, or their judgments will be absolutely void.   " The general distinction seems to be fully agreed, that power and authority shall be intended as to courts of general jurisdiction, but as to inferior or limited courts, those who claim any right or exemption under their proceedings, are bound to show affirmatively that they had jurisdicdiction."   (1 Phil. Ev. Cow. & Hill's notes, 206.)   There is no doubt about the law upon this subject, and the authorities are so numerous, and so familiar to the profession, that a citation of them is entirely unnecessary.   As the record in this case does not show that the suit was brought in the proper township, we are forced to hold that the proceedings were *coram non judice* and void.   It was not necessary for the defendant to appear and object to the jurisdiction.   He could have waived the objection by a voluntary appearance, but the jurisdiction is an affirmative matter, to be shown by the record, and the question is not whether the defendant appeared and objected, but

whether this affirmative matter sufficiently appears upon the face of the record.

The objection to the authority of the Constable to serve the summons is also well taken. He was an officer of the township in which the suit was brought, and had no power to go elsewhere to make the service. Section 2 of the Act of 1850, prescribing the duties of Constables, provides as follows : " The Constable shall attend the Courts of Justices of the Peace of his township, whenever required, and within his township shall execute all lawful orders made by them, and execute and return all writs and process directed to him by such Justice, or any lawful authority ; and shall serve within his township and return all notices placed in his hands for service, relating to any suit or proceeding in any Court of this State." But one construction can be given to this section without doing violence to the language used. The authority of the Constable to execute and return writs and process is confined to his township, and any other construction would, we conceive, be in contravention of the express terms of the section. The question as to the partnership character of the property has nothing to do with the case. If the defendants have any rights in the premises growing out of the partnership relations of the parties, they must assert them in a different action. The property sued for is real estate, and admitting that it belonged to a partnership, it is only in equity that it can be treated as partnership stock. So far as this case is concerned, the parties stand exclusively upon their legal rights.

Judgment affirmed.