[No. 3,249.]

## JOHN F. McCAULEY *v.* JOHN J. FULTON.

Conveyance of Land to Partners.—When a deed is executed to four persons, naming them, and then describing them as composing the firm of "Graff, Fulton & Co.," and the four persons compose a partnership, and the property conveyed is paid for with partnership funds, and used for partnership purposes, the deed is not void as to either of the grantees, under the Statute of Frauds, but conveys the legal title to an undivided one fourth of the property to each of the four grantees, incumbered only by an equitable lien in favor of the other partners.

JURISDICTION OF SUPERIOR COURT OF SAN FRANCISCO.—The Superior Court of the City of San Francisco could acquire jurisdiction of the person of a defendant by publication of a summons.

MODE OF ACQUIRING JURISDICTION OF THE PERSON.—The form and mode of service of process by which parties defendant are brought into a Court, whether of an inferior or superior jurisdiction, are matters of legislative discretion.

WORD "DISTRICT," IN TWENTY-FIFTH SECTION OF PRACTICE ACT.—The "District" mentioned in the second subdivision of the twenty-fifth section of the Practice Act, which speaks of the service of summons in the district in which the action is brought, is the district or territory over which the Court exercises jurisdiction.

IDEM.—The second subdivision of the twenty-fifth section of the Practice Act, requiring the defendant to appear within twenty days after the service of a summons, had no application to the Superior Court of the City of San Francisco, because its jurisdiction was confined to the County of San Francisco.

SUMMONS OUT OF SUPERIOR COURT OF SAN FRANCISCO.—A summons issued out of the Superior Court of the City of San Francisco, was not defective if it omitted to notify the defendant to appear within twenty days, if served out of the county, but in the district in which the action was brought.

RECITALS IN A JUDGMENT AS TO SERVICE OF PROCESS.—Upon a collateral attack, the recitals in a judgment are conclusive of the question of jurisdiction of the person, when the judgment is rendered by a Court of superior jurisdiction.

SUPERIOR COURT OF SAN FRANCISCO.—The Superior Court of San Francisco was a Court of superior jurisdiction.

SERVICE OF SUMMONS BY PUBLICATION.—In a collateral attack on a judgment which recites the service of summons by publication, the affidavits and order showing service cannot be considered.

PRESUMPTION IN FAVOR OF JUDGMENT.—When a judgment entered by default, upon a service of summons made by publication, recites that it was entered in pursuance of an order, the presumption is that it was entered in pursuance of an order of the Court, and the judgment is not void on its face.

PURCHASER UNDER EXECUTION SALE.—The purchaser, under execution sale, of the interest of one partner in the real estate of a partnership, acquires the legal title, and not a mere equity, and is entitled to be let into possession as a tenant in common with the other owners.

EQUITABLE DEFENSE IN EJECTMENT.—An equitable defense in an action of ejectment must be distinctly pleaded and proved.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

Arthur Eggelso was, on the 24th day of July, 1854, the owner of one hundred vara lot one hundred and fourteen, and on said day executed the deed referred to in the opinion. It described the grantees as "Henry Graff, John J. Fulton, Samuel Rea, and William Graff, composing the firm of Graff, Fulton & Co., parties of the second part." The lot was purchased with partnership funds, and used for partnership business. It was the undivided one fourth of this lot which was demanded in this action. McKee & Co. sued William Graff in the Superior Court, July 21st, 1856, and obtained a money judgment against him December 12th, 1856. The Sheriff's deed, under the sale made on said judgment, was made to McKee & Co. on the 1st day of August, 1857. The plaintiff claimed under said deed.

The other facts are stated in the opinion.

*W. H. Patterson* and *H. B. Janes*, for Appellant.

The Superior Court was a Court of inferior jurisdiction and could not acquire jurisdiction of the person by publication of summons. (*People* v. *Gillespie*, 1 Cal. 342; *Meyer* v. *Kalman*, 6 Cal. 590.)

Statute for publication of summons being in derogation of common law must be strictly pursued. (*People* v. *Huber*, 20 Cal. 81; *Ricketson* v. *Richardson*, 26 Cal. 149; and *Forbes* v. *Hyde*, 31 Cal. 342.)

The plaintiff by his purchase only acquired a right to maintain an action against the firm of Graff & Co. for an accounting. (*In Re Smith*, 16 John. 106; *Reinheim* v. *Hemmingway*, 34 Penn. S. R. 132; *Pierce* v. *Jackson*, 6 Mass. 242; *Ex Parte Williams*, 11 Vesey, 3; and *Ross* v. *Heintzen*, 36 Cal. 315.)

*S. M. Wilson*, for Respondent.

The deed was executed directly to William Graff as well as to the others, and there is nothing in the statute which

prevented the deed from taking effect according to its terms. If the statute had not been complied with, the objection would be equally fatal to all the grantees; but the deed cannot be sustained as to three of them and rejected as to one.

The proceedings of the Superior Court of the City of San Francisco were regulated by the general Practice Act. The forms and mode of procedure were the same in that Court as in the District Courts. If the power to acquire jurisdiction of the person by publication of a summons did not exist, it is because the Legislature could not confer it. The power was given in express terms, and we submit that the Legislature had full control of the subject. The same power has been conferred on Justices of the Peace, and it has never been supposed that the Legislature exceeded its constitutional authority in conferring it. (Pr. Act, Sec. 543; *Seaver* v. *Fitzgerald*, 23 Cal. 85; *Hisler* v. *Carr*, 34 Cal. 641.)

The judgment in *McKee* v. *Graff* recites that the defendant had been regularly served with process by publication of the summons, and had failed to appear and answer the complaint; that the legal delay for answering had expired, and that his default had been duly entered according to law. There is nothing in the record contradicting these recitals, and under the decisions of this Court they are conclusive of the question of jurisdiction. (*Hahn* v. *Kelly*, 34 Cal. 402; *Sharp* v. *Brunnings*, 35 Cal. 533; *Vassault* v. *Austin*, 36 Cal. 695; *Quivey* v. *Porter*, 37 Cal. 462; *Moore* v. *Martin*, 38 Cal. 436.)

The partnership character of the property is not available under the pleadings. The answer does not state that the property was purchased or used as partnership property, or that the business of the partnership remains unsettled; nor does it state that there were any creditors of the partnership, or that William Graff was indebted to the firm. It is only by a very liberal construction that it can be understood as alleging a partnership. Not a fact is stated tending to show

the existence of a partnership lien upon the interest of William Graff. The Court has repeatedly decided that equitable defenses must be distinctly set up and proved. (*Meader* v. *Parsons*, 19 Cal. 299; *Lestrade* v. *Barth*, 19 Cal. 671; *Cadir* v. *Mayers*, 33 Cal. 288.)

By the Court, Belcher, J.:

This is an action to recover the possession of an undivided fourth of a lot in the City of San Francisco. The plaintiff claims title through a judgment of the Superior Court of the City of San Francisco against one William Graff, an execution issued thereon, a sale and Sheriff's deed. The plaintiff had judgment, and the defendant appeals.

The first point presented is that the deed from Eggelso was void as to William Graff, under the Statute of Frauds. The deed is in the ordinary form of a bargain and sale deed, and after naming the four grantees describes them as composing the firm of Graff, Fulton & Co. William Graff was a member of that firm when the deed was executed, and is named as one of the grantees. The fact that the partnership between him and the other grantees was not evidenced by written articles is immaterial. Being in fact a partner and grantee, we see nothing to prevent the deed from taking effect according to its terms. Nor do we think it material in this connection that the lot was paid for with partnership funds, and was used for partnership purposes. The legal title to an undivided fourth of the lot nevertheless passed to him, incumbered only by an equitable lien in favor of the other partners.

It is next claimed that the Superior Court of the City of San Francisco was an inferior Court of special and limited jurisdiction and could not acquire jurisdiction of the person of a defendant by the publication of summons.

The Superior Court was a Court of record, having a Clerk

and seal and very nearly the same jurisdiction in civil cases as the District Courts. Its proceedings were regulated by the general Practice Act. Its forms and mode of proceeding were the same as in the District Courts. In *Hickman* v. *O'Neal*, 10 Cal. 292, and in *Chipman* v. *Bowman*, 14 id. 157, it was held that its process might be served in another county, and that its character as a municipal and inferior Court depended upon the subjects of its jurisdiction and its relation to other tribunals, and not upon the form of its process or the counties to which it might be issued. The statute expressly authorized the service of its summons by publication, and we know of no constitutional provision which was thereby violated. The form and mode of service of process by which parties defendant are brought into Court, whether it be an inferior or superior Court, so as to give the Court jurisdiction of their persons, are matters of legislative discretion.

It is also claimed that the summons which was served on Graff by publication was defective in form, and that the Court, therefore, acquired no jurisdiction of his person. The summons required the defendant to appear "within ten days (exclusive of the day of service) after the service on you of this summons if served within this county, or if served out of this county, then within forty days." This we consider a substantial compliance with the requirements of the twenty-fifth section of the Practice Act. The district referred to in the second subdivision of the section is the district or territory over which the Court issuing the summons exercises its authority. But as the territorial jurisdiction of the Superior Court extended no further than the limits of the City of San Francisco, which were also the limits of the County of San Francisco when the summons was issued, it is manifest that the summons could not have been served out of the county but in the district in which the action was brought. The second subdivision of the sec-

tion had, therefore, no application, and the summons was not defective because it omitted to name the time of appearance provided for therein.

In the judgment through which the plaintiff claims title it is recited that "the defendant having been regularly served with process by publication of the summons issued herein, and having failed to appear and answer the complaint of the plaintiff on file herein, and the legal delay for answering having expired, and the default of the said defendant in the premises having been duly entered according to law," judgment is ordered to be entered in accordance with the prayer of the complaint.

It has been repeatedly held by this Court that upon collateral attack recitals in the judgment of service upon the defendant are conclusive of the question of jurisdiction of the person, when the judgment is rendered by a Court of superior jurisdiction. (*Hahn* v. *Kelly,* 34 Cal. 402 ; *Sharp* v. *Brunnings,* 35 id. 533 ; *Vassault* v. *Austin,* 36 id. 695 ; *Quivey* v. *Porter,* 37 id. 462 ; *Moore* v. *Martin,* 38 id. 436 ; *Reeve* v. *Kennedy,* 43 id. 643.)

In *Hahn* v. *Kelly* it was held that all Courts of record in this State are Courts of superior jurisdiction, and in *Vassault* v. *Austin* it was held that the jurisdiction of the superior Court of San Francisco was supported by the same presumptions as the jurisdiction of the District Courts, and that the judgments of the former import the same absolute verity as those of the latter.

We cannot, therefore, consider the point made by the appellant, that the affidavit and order showing service by publication are defective and insufficient.

The judgment does not appear to be void on the face of the record. It purports to have been entered in pursuance of an order, and the presumption is it was entered in pursuance of an order of the Court.

All the intendments are in favor of the judgment. In order to attack it collaterally, its invalidity must appear on the face of the record.

The last point to which our attention is called is that the purchaser of the interest of William Graff did not by this purchase acquire the right to be let into the possession of the demanded premises as a tenant in common with the other owners, but only to maintain an action against the firm of Graff, Fulton & Co. for a settlement of the partnership affairs, and to receive such interest, or its proceeds, as might remain after those affairs should be fully settled.

No rule is better settled than that the purchaser of an interest in the real estate of a partnership acquires the legal title and not a mere equity. The title thus acquired is chargeable in equity with a lien in favor of the other partners, but this lien can only be enforced in equity, and is not recognized at law. It is simply an equitable right to have the property applied in payment of the partnership debts. (*Coles* v. *Coles,* 15 Johns. 160 ; *Greene* v. *Graham,* 5 Ohio, 264 ; *Ross* v. *Heintzen,* 36 Cal. 314 ; *Blake* v. *Nutter,* 19 Maine, 16; *Peck* v. *Fisher,* 7 Cush. 387; *Buchan* v. *Sumner,* 2 Barb. Ch. 193 ; *Long* v. *Waring,* 25 Ala. 643 ; *Lowe* v. *Alexander,* 15 Cal. 296 ; *Dupuy* v. *Leavenworth,* 17 id. 262 ; *Stokes* v. *Stevens,* 40 id. 391.)

This equitable lien, if there be one, cannot be made available to the defendant under the pleadings in this action. It is settled here that an equitable defense to an action of ejectment must be distinctly pleaded and proved. (*Estrada* v. *Murphy,* 19 Cal. 248 ; *Lestrade* v. *Barth,* 19 id. 660 ; *Cadiz* v. *Majors,* 33 id. 288.)

The answer does not state that the property was purchased or used as partnership property; nor that the business of the partnership remained unsettled ; nor that there were any creditors of the partnership ; nor that William Graff was indebted to the firm. Not a fact is stated tending to show

the existence of a partnership lien upon the interest pur-
chased and claimed by the plaintiff.

Judgment affirmed.