Points decided.

[No. 1,785.]

## EUGENE B. DRAKE *v.* CHARLES DUVENICK ET AL,

| 45 | 455 |
| 89 | 484 |
| 45 | 455 |
| 99 | 283 |
| 45 | 455 |
| 101 | 603 |
| 101 | 670 |
| 45 | 455 |
| 103 | 522 |
| 45 | 455 |
| 116 | 426 |
| 45 | 455 |
| 124 | 72 |
| 45 | 455 |
| 134 | 429 |
| 45 | 455 |
| 148 | 439 |

COLLATERAL ATTACK ON JUDGMENT FORECLOSING A MORTGAGE.—Where there is attached to a decree foreclosing a mortgage, a stipulation, signed by the attorneys, consenting that it may be entered as the decree in the case, and the decree is filed with the Clerk, and is entered and copied at length in the Judgment Record Book, and at the foot of the record is the entry, "Decree, rendered on the 15th of October, 1856," there is nothing which shows that the judgment was not the act of the Court, and it cannot be successfully attacked in a collateral proceeding.

COLLATERAL ATTACK ON JUDGMENT.—In a collateral attack on a judgment of a Court of superior jurisdiction, all intendments are indulged in its support, and whatever is upon its record is presumed to have been rightfully done.

ENTERING UP A DEFAULT.—It is not necessary that the default of a party should be actually entered up by the Clerk before a judgment can be taken against him.

IRREGULAR SERVICE OF SUMMONS.—Mere irregularity in the service of a summons does not render a judgment void for want of jurisdiction.

RETURN OF SERVICE OF SUMMONS.—When the return on a summons states that a copy of the summons was personally served on the defendant in the action, giving the time and place, this return, although informal, is yet sufficient to give the Court jurisdiction of the person. So that the judgment is not void for want of jurisdiction, when collaterally attacked.

IDEM.—Such return does not show that a copy of the summons was not delivered to the defendant personally, and it has at least some legal tendency to prove that it was so delivered.

IDEM.—If in such case there is more than one defendant, the fact that the return does not state that a copy of the complaint was served with the summons, does not render the judgment void in a collateral attack.

SERVICE OF SUMMONS ON ATTORNEY IN FACT OF DEFENDANT.—A summons cannot be served by delivering a copy to the attorney in fact of the defendant.

PRESUMPTION IN FAVOR OF VALIDITY OF JUDGMENT.—When a purchaser under a Sheriff's sale enters into possession under the Sheriff's deed, with the knowledge of the defendant, and he continues for several years to reside near the land and suffers the purchaser to remain in possession, and acquiesces in such adverse possession of the purchaser and buys back a part of the land, these facts are sufficient to warrant the Court in presuming, in a collateral attack on the judgment, that everything necessary to the validity of the judgment was not only performed, but rightly performed.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The judgment foreclosing the mortgage in the case of *Debus* v. *Dorland et al.*, did not recite that service was made of the summons, or that the defendant Dorland had made default, or that any proofs were taken in open Court.

The other facts are stated in the opinion.

*Eugene B. Drake* and *R. W. Hent*, for Appellant.

Dorland's deed to plaintiff, dated March 21st, 1867, entitled the plaintiff to recover, unless the judgment entered, or attempted to be entered by default against Dorland in the suit of *Debus* v. *Dorland et al.*, was valid. Plaintiff takes the ground that the judgment was, and is, wholly void as to defendant Dorland, and that the sale of this land under the execution or order of sale, issued upon said void judgment, passed no title whatever to the purchaser. (*Gray* v. *Hawes*, 8 Cal. 568.)

In the case of *Hahn* v. *Kelly*, the affidavit of personal service of summons on Jones, as made by McClosky, states that he (McClosky) served the summons (not the copy of summons), by delivering a copy of the summons to the defendant personally; and that a certified copy of the complaint was delivered personally, with the copy of summons. And in the same case it also appears that the default of the defendant was duly entered, and the judgment recites " that the summons and complaint in this cause have been duly served on the defendant according to law, and order of the Judge of this Court, * * * and the default of the defendants having been duly entered, on application of the plaintiff for judgment, proof of the demand set forth in the complaint is taken in open Court, and plaintiff's agent is examined on oath, in open Court, respecting any payments that have been made to plaintiff or any one for his use, and upon proof that no answer had been filed, and it appearing to the Court on such proof that the facts set forth

in the complaint are true, and that there is due to the plaintiff * * * seventy thousand dollars," etc.

This decree or judgment is signed by Edward Norton, Judge of the Twelfth District Court.

The affidavit of Comstock in *Debus* v. *Dorland,* shows that he made service of a copy of the summons upon Ladd, attorney in fact for Robinson & Mead, and that he (Comstock) received and accepted one for Smith. This was no service of anything. The statute requires personal service. (See Sec. 29, Practice Act.)

Then, as the judgment itself cannot be invoked as evidence against Dorland, we must look to the judgment roll in detail, for the purpose of ascertaining whether the Court obtained jurisdiction of the person of Dorland, so as to enable it to enter a valid judgment against him by default.

As we can only look to the proof of service of summons for jurisdiction, let us examine the affidavit, which reads as follows, to wit: "A. M. Comstock, of said city, who is a white male citizen, and over twenty-one years of age, being duly sworn, says that he knows the defendants in this action, and has no interest in the event thereof; that on the 11th day of February, A. D. 1856, he personally served a copy of the summons in this action on the defendant, Thomas Dorland, and received and accepted one on the same day as the agent of the defendant, Samuel Smith, and that on the 13th day of February, 1856, he served a copy of the summons and complaint in this action on defendants Robinson & Mead, by serving said papers on their attorney in fact, Mr. Ladd, personally. All and each of said services he made in the City of San Francisco, and further saith not."

We claim that this affidavit utterly and completely fails to show that the summons in that action was served as required by statute, but on the contrary, does show that the

summons was not served, and consequently does show affirmatively that the Court never obtained jurisdiction over the person of Dorland, or of any of the defendants, except those who thought proper to voluntarily appear and answer.

The statute requires (Sec. 29) the summons to be served (not the copy) " by delivering a copy thereof, * * * to the defendant personally;" and the preceding section (28) provides that " a copy of the complaint, certified by the Clerk, shall be served with the summons."

When we say that no service of summons was made upon any of the defendants in *Debus* v. *Dorland*, we mean, and. Comstock's affidavit shows, that no copy of the complaint certified, or otherwise, was delivered to any or either of them personally. The affidavit shows that the " copy of summons " and " complaint " were " served " upon Mr. Ladd, attorney in fact for Robinson & Mead, and that a " copy of the summons " only, was " served " upon Dorland.

Comstock only swears to a conclusion of law, because " service of summons," or " service of a copy of summons," are purely conclusions of law, which are to be deducted or drawn from the performance of certain acts required by statute, *i. e.,* " the summons shall be served by delivering a copy thereof, as follows: * * * 4th. In all other cases, to the defendant, personally (Sec. 29), a copy of the complaint, certified by the Clerk, shall be served with the summons " (Sec. 28).

Service of a " copy of the summons " and " complaint," upon Mr. Ladd, attorney in fact, was not in any sense a personal service upon Robinson & Mead.

In the case of *McMiller et al.* v. *Reynolds,* 11 Cal. 373, it was held by this Court that the affidavit of service must show that a certified copy of the complaint accompanied the summons, and the same principle has been since sustained and reiterated, in the case of *Reynolds* v. *Page et al.,* 35 Cal. 296.

*James C. Carey*, for Respondent.

The judgment is claimed to be void and a nullity:

First—Because the summons and complaint were not served upon Thomas Dorland. The fact is the other way. The affidavit of Comstock expressly states "that on the 11th day of February, 1856, he personally served a copy of the summons in this action on the defendant, Thomas Dorland." It is very clear, then, that Dorland, on that day, did receive a copy of the summons. The proof of the service may be irregular or defective, but that don't oust jurisdiction. Irregularity in acquiring jurisdiction is not a want of it. It is insisted, however, that there was no service of the summons, because it does not appear that a copy of complaint was served with the summons. It does not appear that it was not served. If a certain fact going to give jurisdiction appears, and another fact is wanting to complete it, in order to sustain a judgment of a Court of general jurisdiction, the existence of that fact will be presumed. Indeed, I submit that if jurisdiction does not appear—that is, if there is an entire absence of evidence on the subject—it will be presumed, unless it appears from the record itself, that the Court did not have jurisdiction. But waiving this, Dorland may not have been served with a copy of the complaint, but his co-defendants were. The service upon them of the summons and complaint was irregular, but they appeared, and thus recognized the act of Comstock in making the service in the novel way shown by his return. It was, therefore, unnecessary to serve Dorland with a copy of the complaint, for by the law in force at the time, it was expressly provided that where there was more than one defendant in the action, and such defendants resided within three miles of the Clerk's office, a copy of the complaint need be served on only one of the defendants. (Stats. 1855, p. 196.)

Second—Because the decree was not signed by the Judge.

But the decree was rendered on the 15th day of October, 1856, in open Court, and recorded on that day in one of the judgment record books of the Court. I know of no law, or settled practice having the authority of law, which requires the Judge to sign the judgments or decrees rendered by him—certainly none which declares that an unsigned recorded decree is a nullity.

Third—A conclusive answer, however, to the foregoing objections is, that Dorland himself has never complained of these pretended irregularities, but has quietly acquiesced in the judgment for the last eleven years, and the plaintiff, who claims through him, will not now be permitted to attack it collaterally.

*Whitwell* v. *Barbier*, 7 Cal. 58, was a case where the defendant was served with process, but was not given the time allowed by statute to answer. The Court remarked, MURRAY, C. J.: "This would have been good reason in the Court below to have quashed the writ upon motion by *amicus curiæ*, or for extension of time to appear and answer on motion of defendant; it would have been a good objection on error, arrest of judgment, or motion for a new trial; but the defendant having been summoned to appear on a day certain, it cannot be said that the Court had no jurisdiction of the person so as to make its judgment a nullity."

In *Dorente* v. *Sullivan*, 7 Cal. 279, the return did not show that the summons had been served by a competent person. "Granting this," said the Court, "the objection only goes to the formality of the return, which might be amended by the officer. If the return is defective, the defendant must appeal from the judgment; a mere irregularity of service is not sufficient to enable him to attack the judgment collaterally."

Even if there were no recitals of service in the decree, and there was an entire absence of evidence in the record on the point, still the presumption would be in favor of the

jurisdiction of the Court and of the regularity of its proceedings, and, for want of such evidence the decree cannot be impeached in this collateral action. (*Cook* v. *Darling*, 18 Pick. 363; *Crane* v. *Brannan*, 3 Cal. 192; *Schloss* v. *White*, 16 id. 68.)

But if it be conceded that the judgment in the case, *Debus* v. *Dorland*, is invalid, for the reasons alleged, it by no means follows that the sale by the Sheriff under it, can now, after all these years of acquiescence by Dorland, be set aside, either at his instance or that of the plaintiff, a mere volunteer speculator.

If the Court erred in ordering the sale of the property, when he ascertained that a sale had been made, and that Debus was in hostile possession of the property, claiming it by virtue of such sale, it was clearly the duty of Dorland to have promptly sought relief in some form from an error so bald and so destructive of his rights. "The acquiescence of a party," says the maxim, "who might take advantage of an error, obviates its effect."

In support of the foregoing view of this branch of the case, I refer to the following authorities: *Bowman et al.* v. *Walhen*, 1 How. U. S. 189, 193; *Blockly* v. *Fowler*, 21 Cal. 329; *Simson* v. *Eckstein*, 22 Cal. 589, et seq.

By the Court, BELCHER, J.:

This is an action of ejectment to recover the possession of land in the City of San Francisco. Both parties claim title to the demanded premises under one Thomas Dorland; the defendants, under a Sheriff's deed made in 1857, in pursuance of a decree of foreclosure and sale thereunder, and the plaintiff under a conveyance from Dorland, made in 1867.

At the trial the defendants offered the judgment roll in the foreclosure case, and the plaintiff objected to its being received in evidence on the ground that no judgment or de-

cree in the case was ever rendered by the Court, and the Clerk had no power to enter the judgment by default; and on the further ground that it affirmatively appeared therefrom that Dorland was not served with process and did not appear in the action, and the Court did not acquire jurisdiction of his person, and the judgment was, therefore, void as to him. The Court overruled the objection and admitted the record in evidence. Judgment was rendered in favor of defendants, from which the plaintiff appeals.

1. It appears from the record that there was attached to the decree a stipulation signed by the attorneys for the plaintiff and for such of the defendants as had appeared, consenting that it might be entered as the decree in the case. It also appears that the decree was filed with the Clerk of the Court and was entered and copied at length in one of the judgment record books of the Court, and that at its foot, as recorded in the Judgment Book, is the entry: "Decree rendered on the 15th October, 1856."

From all this—and it is all there is before us. throwing light upon the question—it certainly does not appear that this decree was not the act of the Court. The fact that the attorneys stipulated that it might be entered has no tendency to show that the Court did not afterwards order it to be entered as the decree of the Court. Purporting to be a judgment of the Court, and found regularly entered in its records, the presumption is it was entered in pursuance of an order of the Court.

The rule is elementary that upon collateral attack all intendments are indulged, in support of the judgments of Courts of superior jurisdiction. Their records are conclusively presumed to speak the truth, and whatever is upon their records is presumed—the contrary not appearing—to be rightfully there. (*McCauley* v. *Fulton*, 44 Cal. 355.)

Nor was it necessary that Dorland's default should be actually entered up by the Clerk before a decree could be

taken against him. The only purpose of a default is to limit the time during which the defendant may file his answer, and that time never extends beyond a trial and judgment. (*Bowers* v. *Dickerson,* 18 Cal. 420; *Miller* v. *Miller,* 33 id. 355.)

2. Did the Court acquire jurisdiction of the person of Dorland? A distinction must be borne in mind between an entire want of jurisdiction and irregularity in obtaining jurisdiction. In the one case the judgment is void and can be attacked either directly or collaterally, while in the other it is erroneous and can be attacked only by a direct proceeding against it in the Court where it was rendered, or upon appeal. The proof of service upon Dorland, as shown by the judgment roll in the foreclosure case, is found in an affidavit made by one Comstock, in which he says that in the City of San Francisco " on the 11th day of February, A. D. 1856, he personally served a copy of the summons in this action on the defendant Thomas Dorland, and received and accepted one on the same day as the agent of the defendant Samuel Smith, and that on the 13th day of February, 1856, he served a copy of the summons and complaint in this action on defendants Robinson and Mead, by serving said papers on their attorney in fact, Mr. Ladd, personally." It is objected on the part of the plaintiff that this proof of service is insufficient to show that a copy of the summons was delivered to Dorland personally, or that either he or any other one of the defendants was served with a copy of the complaint. The statute required that the summons should be served by a delivery of a copy thereof " to the defendant personally," but it did not require any particular form of certificate or affidavit of service, except that it " shall state the time and place of service." (Pr. Act, Sec. 34.) The fact of service was material, and from the time service was made the Court was deemed to have acquired jurisdiction (Sec. 35.) The return of service might be formal or informal,

perfect or imperfect, still if service were in fact made, the Court acquired jurisdiction of the person of the defendant, and the judgment thereafter rendered could not be attacked collaterally. (*Pico* v. *Sunol,* 6 Cal. 294.)

The copy of the summons was served *on* Dorland. It does not appear from the return that the copy was *not* delivered to him personally, and we think it has at least some legal tendency to prove that it was so delivered. True, it might have been delivered to an agent or left at his house or place of business; but why presume that rather than that it was delivered as the law required it to be? In *Central Bank* v. *Wright,* 12 Wend. 190, the defendants insisted that the certificate was defective in omitting to state that the declaration was served *personally,* but the Court, by NELSON, J., said: "In cases of the commencement of suits by the filing and service of a declaration, the declaration must be served *personally;* and it will be intended, when the Sheriff certifies that he has served a copy on a defendant, that it was served *personally,* unless the contrary is shown."

In *Coit* v. *Haven,* 30 Conn. 190, the Court said: "Jurisdictional facts, such as the service of the writ and the like, are presumed and conclusively proved in the case of a domestic Court of general jurisdiction, unless the record itself shows the contrary, which the present does not."

In *Carpentier* v. *City of Oakland,* 30 Cal. 440, it was held that "if it does not appear affirmatively upon the face of the record of a Court of general jurisdiction that the Court had jurisdiction of the defendant, that fact will be presumed, unless the record shows affirmatively that no jurisdiction was acquired."

In *Hahn* v. *Kelly,* 34 Cal. 407, the Court said: "We consider the true rule to be that legal presumptions do not come to the aid of the record, except as to acts or facts touching which the record is silent. When the record is silent as to what was done, it will be presumed that what ought to have

been done was not only done but rightly done; but when the record states what was done, it will not be presumed that something different was done."

The record fails to show by direct assertion that the copy of the summons was delivered to Dorland, but as it fails to show the contrary, and as the Court must have found from the return or other evidence before it that it was so delivered—for upon that its jurisdiction depended, and it necessarily decided that it had jurisdiction, as the first point in the case—we think it one of the cases where presumption will now come to the aid of the judgment, and that, if the Court erred in its conclusions in this respect, the error should have been taken advantage of by motion or by an appeal.

In respect to the service of a copy of the complaint, the affidavit states that copies of the complaint and summons were served on Robinson and Mead, two of the defendants, "by serving said papers on their attorney in fact, Mr. Ladd, personally."

The twenty-eighth section of the Practice Act, as it stood in 1856, provided that "if there be more than one defendant, and such defendants reside within three miles of the Clerk's office, a copy of the complaint need be served on only one of the defendants."

The service of copies of the complaint and summons on Ladd was not a service on Robinson and Mead. They appeared and answered to the complaint, but their appearance must be held to have been voluntary. It does not follow, however, because this attempted service on them was ineffectual to give the Court jurisdiction of their persons, that the service of a copy of the summons on Dorland was also ineffectual to give the Court jurisdiction of his person. The service on him may have been irregular, but it was not therefore a nullity. He was notified of the action, and of

the time and place when and where he was required to appear and answer to it. He knew that he had received all that the law required him to receive where, as there, there was more than one defendant. He knew, moreover, that if there was any question of the sufficiency of the service he could appear, and upon motion have that question settled at once. Knowing all this, he chose to remain silent and let judgment go against him. The Court, as we have seen, adjudged that it had jurisdiction, and we do not think that either he or his grantee can now be heard, in this collateral way, to say that the judgment was void, and that the purchaser thereunder acquired no rights.

The case of *Dorente* v. *Sullivan*, 7 Cal. 279, is not unlike this in principle. There the proof of service was by an affidavit which failed to show that the party making it was a "white male citizen of the United States, over twenty-one years of age, who is competent to be a witness on the trial of the action." The judgment was by default, and it was claimed that the Court had no jurisdiction. It was held, however, to be but a mere irregularity, and that the judgment could not be attacked collaterally on this ground. A similar point was made in *Peck* v. *Strauss*, 33 Cal. 678, and with like results.

3. The case shows that the purchaser at the Sheriff's sale entered into possession under his deed in 1857, and that he and those claiming under him continued to hold a hostile possession until this action was brought in 1867. It further shows that during nearly all that time Dorland resided upon an adjoining lot and knew of this hostile possession, and that without questioning its rightfulness he at one time bought back from the purchaser a portion of the premises taken and held under the Sheriff's deed. These facts are not without important significance in the case. They show not only an acquiescence in the judgment and sale for a period twice as long as that required to bar an action to recover real prop-

erty under our Statute of Limitations, but they show also an affirmative recognition by Dorland that the judgment was right, and that the title to the property passed to the purchaser thereunder. They should, therefore, we think, lead to the just presumption that everything necessary to the validity of the judgment "was not only done, but rightly done." (*Simson* v. *Eckstein,* 22 Cal. 580.) Long acquiescence by one in the adverse enjoyment of a right by another leads to an inference that the former has parted with it in a legal form. (1 Phill. Ev., C. H. & Es. Notes, 609.) So in reference to a deed by an attorney in fact, it has been held that long acquiescence of the principal in the possession under the conveyance is evidence that the conditions on which the attorney was to make the deed had occurred, and that he did not transcend his power. (*McConnell* v. *Bowdry's Heirs,* 4 Mon. 392.)

· Judgment affirmed.

Mr. Justice RHODES dissented.