Mellor vs. Gilmore, Executor.

---

No. 8018.

Mrs. Harriet R. Mellor vs. T. Gilmore, Executor.

The Court below having sustained the Exception to its jurisdiction and refused to hear and determine the differences between the parties, this Court can only pass upon the said Exception and cannot, in this Appeal, decide the other issues of the case.

The character of a suit is to be ascertained by the prayer rather than by the allegations of the Petition.

This action is not one of partition, but one for a money judgment against a succession, and the Court below, as a court of probates, had jurisdiction. The case must, therefore, be remanded

APPEAL from the Second District Court for the parish of Orleans. Tissot, J.

---

*Nicholls & Carroll* for Plaintiff and Appellant :

The question before the Court is simply one of jurisdiction. The action of plaintiff is not ' for a partition, but for a sum of money due by a succession.

Such an action must be brought in a court of probate jurisdiction. The Second District Court for the Parish of Orleans—a Court solely of probate jurisdiction—had jurisdiction in the premises.

*T. Gilmore & Sons* for Defendant and Appellee:

First—This is in effect an action of partition of which the late Second District Court for the Parish of Orleans, had no jurisdiction. Boutté vs. Boutté, 30 An. 177; Buddecke vs. Buddecke, 31 An. 572; Freret vs. Freret, 31 An. 506; Benedict vs. Florat, 30 An. 1337; Louque's Digest, p. 160.

Second—The allegations of the petition and the proof show that plaintiff has no cause of action—she having previously sold and conveyed all her rights in the succession of her daughter, Mrs. Stanley, to her co-proprietor. Petition, page 5; Act of partition, p. 179; Civil Code, Arts. 1380, 1372, 1412, 2650, 2651; 20 An. 358; 15 An. 585; 6 R., 488.

Third—The heir is a necessary party to an action for partition. The executor cannot represent the heir; and the executor was *functus officii.* Boutté vs. Boutté 30 An. 182, and authorities there cited.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The plaintiff brings this action as the universal legatee of her daughter, to recover $8246, as the alleged value of money, effects and property belonging to the community between her and her deceased husband, Stanley, which were not included in the act of partition between the plaintiff and the latter's executor and which she did not then know to exist.

The executor pleaded : want of jurisdiction in the court, want of proper parties and no cause of action.

The lower court sustained the first plea and dismissed the suit. The plaintiff appeals.

Considering that it had no jurisdiction over the case, the lower court properly abstained from passing upon the questions presented by the second and third exceptions. It could not logically do otherwise, as the determination of those pleas implied jurisdiction and would have had the court to occupy antipodal and self-destructive positions. All we can do now is to examine whether the District Court erred or not in refusing to hear and determine the differences of the litigants.

It is claimed that this Court has several times decided causes or points different from that on which the lower court acted.    This is true, but there had been a hearing, an examination of the controversy, which had been gone into and passed upon, so as to settle the differences. The point determined to justify the judgment was immaterial to this Court. A court having jurisdiction can hear and determine, but it may hear without determining, and it may determine without hearing, all the points raised.    6 Pet. 691;  12 Pet. 657, 717;  10 Cal. 292; 43 Tex. 440;  44 Cal. 84. It may decide a case on a single point whether made or not.    In the cases referred to, it will be perceived that a judgment had been rendered susceptible of acquiring the force of *res judicata.*    That was sufficient to authorize the appellate court to adjudicate upon the issues presented, whether of fact or of law, or both.    Such adjudication could also be

made, in such cases, even if only a *nonsuit* had been rendered. This Court revises the judgments and not necessarily the reasons of lower courts on appeal.

Pleas to the jurisdiction, however, are different. When sustained they withdraw the whole case from the court.

In the exercise of its appellate powers, this Court reviews the judgments of lower courts, to affirm, reverse or amend them, or to remand a case.

We cannot, in the present phase of this action, decide what the rights of the parties are, for that would be assuming and exercising an original jurisdiction, which we do not possess in that class of cases.

This Court can exercise its appellate jurisdiction only in so far as it shall have knowledge of the matters argued or contested below. C. P. 895; 3 N. S. 52; 5 R. 82; 1 L. 323; 3 L. 516; 6 L. 402; 24 An. 223.

We do not think that the lower court properly declined jurisdiction.

The character of the suit is not to be ascertained and determined so much by the allegations of the petition as by the prayer for relief.

In the present action, the plaintiff seeks a *money* judgment for the causes enumerated in the petition. What the grounds for recovery are, is insignificant. They may not justify the prayer; they may be destructive of it; they may be such as would require a rejection of the demand on the face of the petition; but, from this the only inference that could be drawn would be that the court should, in the exercise of its powers, quiet the defendant. It is only after the court shall have taken jurisdiction that the other defenses can be adjudicated upon.

The suit being one for *money* against a succession, not only was properly brought before the Second District Court for the parish of Orleans, which had *exclusive* jurisdiction, but could not be instituted before any other court. 33 An. 692.

The record does not show that the heirs had been put and were in actual possession at the bringing of this suit. The order of the 31st of December, 1879, directing such possession, was in suspense on the 9th of January following, when the petition herein was filed. An order had even been made three days after, on the 12th, directing the executior to make provision for the demand of the plaintiff as it had then been presented and existed on the docket of the court.

It is, therefore, ordered and decreed that the judgment appealed from be reversed; and, accordingly, that the exception to the jurisdiction be overruled; that the case be referred to the Civil District Court for the parish of Orleans, which has superseded the Second District Court for that parish, there to be further proceeded with according to law; defendant and appellee to pay costs of the lower court from the filing of the exception to the jurisdiction, and the costs of appeal.