CITY OF BROWNSVILLE v. BASSE & HORD.

1. ADJOURNMENT OF TERM OF COURT.—It is a universal rule that no court can alter, vacate, or annul a final judgment regularly entered in a case of which it has jurisdiction after the adjournment of the term at which such judgment was rendered.

2. JURISDICTION is the power to hear and determine a cause; the authority by which judicial officers take cognizance of and decide causes.

3. JURISDICTION OF SUPREME COURT.—The jurisdiction of the Supreme Court, although appellate, is *of the cause*, and such jurisdiction is not limited by or dependent upon the fact that the judgment in the lower court was upon a verdict, or upon issues either of law or fact submitted to the court.

4. SAME.—The statutory rule is, (Paschal's Dig., art. 1362,) when the judgment or decree of the court below in civil cases shall be reversed, the Supreme Court shall proceed to render such judgment or decree as the court below should have rendered or pronounced, except when it is necessary that some matter of fact be ascertained, or from uncertainty as to the damages to be assessed or matter to be decided

it is necessary to remand the case to the District Court. And the decision of the court that it is not necessary to remand the case for such purpose is within the jurisdiction of the court and, is conclusive between parties.

5. SAME.—In an appeal by plaintiffs from a judgment rendered in the District Court in favor of the defendant, the Supreme Court has jurisdiction, upon reversing the judgment, to dismiss *non obstante veredicti.*

ERROR from Calhoun.

The appellees filed on the 20th May, 1875, the following motion :

"The motion and petition of Elisha Basse, the surviving defendant in the original cause, and of Charles Stillman and Wm. G. Hale, the present assigns of said Basse & Hord, show to this court that on the 17th day of June, A. D. 1872, a judgment was rendered by the Supreme Court of Texas in this cause, in the words and figures following, to wit :

" 'And in the same court on the 17th day of June, A. D. 1872, this cause again came on to be heard on the transcript of the record, and the same being inspected, because it is the opinion of the court that there was error in the judgment, it is considered adjudged and ordered that the judgment of the court below be reversed, and the cause remanded for further proceedings, in accordance with the opinion of this court, and defendants in error pay all costs in this behalf expended, and this decision be certified below for observance.' "

And that thereafter, without notice to the counsel to the defendants in error from the counsel for the plaintiff in error, or from the court, but with the design and intent of injuring your petitioners by inducing said Supreme Court to assume a power beyond its jurisdiction, the plaintiff in error made the following motion in said court on the 19th day of June, 1872 :

"The City of Brownsville, the plaintiff in error in the above-entitled suit, by its counsel moves the court to order

that the judgment of this honorable court therein be reformed so as to make it conformable to what is decided in the opinion of the court, by striking out the words 'and remanded to be proceeded with in accordance with this opinion,' and inserting for the same words 'and dismissed.'

"And in support of this motion the plaintiff in error refers to the record of said suit, by inspection of which it appears that the motion should be granted for the following among other important causes:

"1. Said opinion shows that the title to the lands in controversy is not in defendants in error, but is in plaintiff in error, as nothing remains to be decided in the court below save what might be judged in a second suit instituted in the proper county and not in Calhoun county.

"2. No other judgment than one of reversal and dismissal is the appropriate legal consequence of the opinion of the court.

"3. The plaintiff in error ought not to be subjected to protracted litigation in Calhoun county in a suit where everything in issue is *res judicata.*

"Which motion of the said plaintiff in error in the said Supreme Court was not made known, as before stated, to your petitioner, but by a system of collusion and gross unfairness was concealed from them so as to enable the said plaintiff in error to induce the said Supreme Court to overstep the limits of its jurisdiction; and thereupon said Supreme Court on the 27th of June, 1872, made, in pursuance of said last-mentioned motion, the following order, to wit:

"And in the same court on the 27th day of June, A. D. 1872, on this day came on to be heard the motion of appellant to amend the judgment entered in this cause on the 17th of June, 1872, which judgment on rehearing reversed and remanded the cause; and the same being considered, it is ordered by the court the said judgment be amended to read as follows: 'this cause came on to be

heard on the transcript of the record, and the same being inspected because it is the opinion of this court that there was error in the judgment, it is considered adjudged and ordered that the judgment of the court below be reversed and the cause dismissed, and the appellees pay all costs in this behalf expended, and this decision be certified below for observance.'

"And your petitioners respectfully show to the court that the said last-mentioned order is not, in any sense, a judgment of this court, in that part thereof which assumes to dismiss the suit of Basse & Hord against the City of Brownsville, in Calhoun county; and that the said Supreme Court had no jurisdiction to make such an order of dismissal; and that the appellate power of said Supreme Court did not extend beyond the power and jurisdiction of the District Court from which the appeal or writ of error was taken; and that said District Court had no power or jurisdiction to dismiss said cause upon a verdict of the jury in favor of the plaintiffs; that most of the objection made by said Supreme Court to the title of the plaintiffs could have been cured by amendment or additional testimony; that the plaintiffs may have had many other defenses to the assumed title of the defendant in the District Court which he had a right to present on a new trial; and that to presume upon a partial presentation of the facts that said plaintiff had not any new evidence, and therefore to prevent his having an opportunity of producing it upon a new trial is, of course, a proceeding unfounded in law, unworthy of this court, wholly beyond its jurisdiction, and destructive of the rights of property of litigants.

"Wherefore your petitioners by this motion and petition apply to this court to direct that the said last-mentioned order, professing to dismiss the cause absolutely, be reformed by striking out such dismissal, or that this court direct that a mandate issue under the original judgment directing a new trial in the District Court of Calhoun

county in this cause, in accordance with the usual practice in this court."

*W. G. Hale,* for the motion.

*Hancock, West & North,* against the motion.

This is a motion filed by the defendants in error to reform a judgment of this court rendered at the December Term, 1871. This case will be found in 36 Texas, p. 461. A motion like this can only be entertained after the close of a term, upon the ground that the judgment thus sought to be set aside is an absolute nullity from the total want of jurisdiction of the court over the subject-matter or persons, or from its absolute want of power to enter the judgment assailed. If the court has jurisdiction of the action and power to enter the judgment complained of, it matters not how informal and irregular the proceedings may be, nor how erroneous and even unjust the judgment may be, the court loses all control over it with the close of the term, and cannot alter, reform, correct, or annul it. Authorities in support of this proposition are superfluous.

And this rule applies with the same force to appellate tribunals, like this court, as to courts of original jurisdiction.

An examination of the report of this case in 36 Tex., 461, and of the record and briefs, will disclose that this was an action of trespass to try title, brought by the defendants in error against the plaintiffs in error, in which the former, under the instructions of the lower court, obtained a verdict and judgment for the recovery of the land. The cause was properly before the District Court. No objection is taken on that score.

The case was then regularly brought before this court by writ of error, upon the questions of fact as well of law. It was elaborately argued and briefed; and, after a full consideration of the merits of the cause, this court

decided that the papers, deeds, facts, &c., constituting the claim of the defendants, gave them not the slightest shadow of title to the land in controversy. The court thereupon reversed the judgment of the District Court, and remanded the cause to be proceeded with in accordance with these views.

The defendants in error moved for a rehearing, and, in support of that motion, filed elaborate briefs, discussing the merits of their claims to the land in controversy.

The court considered that motion, and the motion filed by the plaintiffs in error to reform the original judgment of reversal, adhered to its previous views on the merits of the controversy, but dismissed the cause.

It is this order of dismissal which this motion seeks, after the lapse of three years, to reform, and the only question which can at this stage be considered is, whether this court had the power and jurisdiction to dismiss the action, a verdict having been returned for defendant in error, and not whether that course was irregular or improvident.

It is true that this court does not generally reverse and render, and it is equally true that it does this reluctantly when the judgment to be reversed was entered in the District Court upon the verdict of a jury; but it is too late at this time to question the *power* of this court to render a judgment *non obstante veredicto*, even if this power could have at an earlier day been questioned.

In Sydnor *v.* Chambers, Dallam, 601, this court, in a case where a verdict and judgment had been rendered in favor of a plaintiff, reversed the judgment of the lower court and *dismissed* the action.

In Land Commissioners *v.* Riley, 3 Tex., 237, a verdict and judgment for a plaintiff were again set aside and the action dismissed. And Chief Justice Hemphill, in delivering the opinion of the court, uses the following language: "At the decision of the former appeal it was supposed that the appellee *might possibly be able to establish his claim,* * * *

and *this* induced the award of a new trial *instead* of a reversal and dismissal of the cause." These words show that this court prefers to remand rather than to finally dispose of a case, in order that losing parties, by proper amendments and new evidence, may establish their rights; but where the pleadings and evidence satisfy this court that a party who has obtained a verdict has no rights and can have none, this court certainly has the power to so declare, and it has done so whenever a proper case was presented.

In Love *v.* Doak, 5 Tex., 343, a verdict was again disregarded and the action dismissed. Chief Justice Hemphill, delivering the opinion in that case, says: "Were there any probability that a written acknowledgment of the justice of the claim at any time within four years before the commencement of the suit could be established the cause would be remanded. * * * There has been no suggestion of the possible existence of such fact, or that it could be sustained by proof. Had such been the fact it would in all probability have been proved at the trial." Thus again showing that it is a matter of discretion, and not of power, whether this court will set aside a verdict and dismiss or remand a cause. In the case at bar the plaintiff introduced *three* distinct titles to this land. Had they still another title to it this fact would, to use Judge Hemphill's words, "in all probability have been proved on the trial."

Again, in Paschal *v.* Perez, 7 Tex., 349, a verdict was disregarded and the action dismissed. That, like the present, was an action of trespass to try title; there, like here, the title relied on was a Spanish title. After a full discussion of the title in that case Chief Justice Hemphill says: "These views are decisive of the character of this title, and that it is such as will not support an action or authorize a recovery." And instead of remanding the cause to enable the plaintiff to introduce, if he could, two or three

other titles, or to cure, if he could, the defects in the title then offered, the court dismissed the action.

In Arrington *v.* Sneed, 18 Tex., 135, a verdict was disregarded and the action dismissed.

See also Upshur County *v.* Yeury, 19 Tex., 127; Wootton *v.* Wheeler, 22 Tex., 338; Mills *v.* The State, 23 Tex., 295, opinion by Judge Bell; Klein *v.* Gehrung, 25 Tex. Sup., 232; Moore *v.* Anderson, 30 Tex., 224; McMasters *v.* Mills, 30 Tex., 591; Fromme *v.* Kaylor, 30 Tex., 754; Kenigsberger *v.* Wingate, 31 Tex., 42; Goodman *v.* McGehee, 31 Tex., 253; Caudle *v.* Welden, 32 Tex., 355; R. R. Co., *v.* Hearne, 32 Tex., 546; Geiselman *v.* Brown, 33 Tex., 323; Lobdell *v.* Fowler, 33 Tex., 346; Hanks *v.* Enloe, 33 Tex., 625.

This power to reverse and dismiss, notwithstanding a verdict, will be found to have been frequently exercised, without ever being questioned, in numerous instances in 34th, 35th, 36th, 37th, 38th Texas; in 39th Texas in Smith *v.* Elliott, p. 201; in Hall *v.* H. & T. C. R. R. Co., p. 286; in Cantur *v.* Bennett, p. 303; in Bogarth *v.* Breedlove, p. 561; in Hale *v.* Dutant, p. 667. In numerous other instances in that volume and down to the case of Bledsoe *v.* Int. R. R. Co., 40 Tex., 537, which is believed to be the latest exercise of that power where the present court set aside a verdict and dismissed the action.

*W. G. Hale* made an oral argument for the motion.

*C. S. West*, against the motion, made an oral argument.

MOORE, ASSOCIATE JUSTICE.—This is a motion filed by the defendants in error, made at the present term of the court, to reform a judgment rendered at its December term, 1871. The suit to which the motion refers was an action of " trespass to try title," brought by Basse & Hord against the city of Brownsville, in the District Court of Cameron county, in the year 1854, and afterwards, by

change of venue, taken to the District Court of Calhoun county, where, on the verdict of a jury, a judgment was rendered in favor of the plaintiffs, said Basse & Hord, which judgment was by said city of Brownsville brought, by writ of error, to this court; and said cause coming on to be heard before it, said judgment was, on the 17th day of June, A. D. 1872, reversed and the case dismissed.

It is a universal rule that no court can alter, vacate, or annul a final judgment, regularly entered in a case of which it has jurisdiction, after the adjournment of the term at which such judgment was rendered. Evidently, therefore, this motion can only be entertained at this, the third term after the entry of the judgment sought to be reformed, upon its being made to appear that the judgment, or so much of it as is complained of, is an absolute nullity, for want of jurisdiction of the court over the subject-matter in controversy or the parties to the suit, or the total absence and lack of power in the court to render or make the particular judgment or order assailed.

It is not pretended that the case was not regularly before the court by writ of error, on a final judgment of the District Court, or that any objection can be made to it for want of parties. The sole ground upon which it is claimed we may review and reform the judgment seems to be based upon the assumption, that when the judgment of the District Court is rendered upon a verdict of the jury this court can only, on appeal or writ of error, affirm the judgment, or reverse it and remand the cause to the District Court. And should any other judgment be rendered it will, it is insisted, be not merely irregular and erroneous, but absolutely null and void.

If this proposition is correct, it would, it seems to us, warrant the conclusion that the court does not acquire, by appeal or writ of error, when the judgment is upon a verdict, general jurisdiction of the cause, but merely a special or limited jurisdiction, authorizing it to render a

judgment appropriate to the particular circumstances of the case developed in the record. Unless the judgment of the District Court is rendered upon a verdict, it is not denied that this court acquires general jurisdiction of the cause by the appeal or writ of error, and may affirm or reverse and render, remand or dismiss the case, as it may deem fit. But if the jury have passed upon the evidence, it is insisted, as we have just said, the jurisdiction of this court is limited to its affirmance, or reversal and remanding for further proceedings in the District Court. Is there any just foundation for this alleged difference in the jurisdictional power of the court in these different classes of cases to hear, consider, and decide the cause before it as, in its judgment, justice between the parties requires and the law demands? We think not.

Jurisdiction is the power to hear and determine a cause—the authority by which judicial officers take cognizance of and decide them. (3 Ohio, 494; 6 Pet., 591–709.) It gives the court capacity " to do both or either—hear without determining, or to determine without hearing." (*Ex parte* Bennett, 50 Cal.) Appellate jurisdiction, with which alone this court is invested in passing upon civil causes, is defined to be the power and authority conferred upon a superior court to rehear and determine causes which have been tried in inferior courts. (Bouv. Dict.) Jurisdiction to determine a cause unquestionably implies power and authority to render such judgment as the court may conclude should be given, unless a limitation is manifest from the nature of the proceeding, the character of the tribunal, or by clear and positive legislative restriction. But upon neither of these grounds can it be maintained that this court did not have power to render the judgment which we are asked to treat as a nullity.

The statute to which we are cited in support of the motion, which, indeed, is but declaratory of the jurisdiction

given the court by the constitution, says: "The Supreme
Court shall have appellate jurisdiction over all manner of
pleas, plaints, motions, causes, and controversies, both civil
and criminal, which may be brought before it from the
District or any other courts of the State, and which shall
be cognizable in said Supreme Court, according to the
laws and constitution of the State." (Act to organize Su-
preme Court, passed in 1846.) This language is surely
sufficiently broad and comprehensive to give the court
power and authority to render such judgment as it may
conclude appropriate for the proper exercise of its appellate
jurisdiction. It manifestly shows that the jurisdiction of
the court is of the cause, and that its extent is neither lim-
ited by nor dependent upon the fact that the judgment is
upon a verdict or on issues either of law or fact submitted
to the court. And this conclusion is strengthened, rather
than weakened, by that part of the same section of the
act directing the character of the judgment which may be
rendered by the court. It reads: "And when the judg-
ment or decree of the court below, in civil cases, shall be
reversed, the Supreme Court shall proceed to render such
judgment or decree as the court below should have ren-
dered or pronounced, except when it is necessary that some
matter of fact be ascertained, or from uncertainty as to the
damages to be assessed, or matter to be decided, it is neces-
sary to remand the case to the District Court."

But to whose judgment is it committed to determine
whether there is any uncertainty as to the damages or other
matter, or additional facts to be ascertained to enable the
court to pronounce such judgment as should have been
rendered in the court below? Unquestionably, it is to this
court when it renders and pronounces its judgment. And
it follows, however erroneous may be its conclusion, being
on a matter for its determination, the judgment rendered
cannot be held to be void. If not, this court unquestion-
ably has no more authority to reform, revoke, or annul it,

after the close of the term at which it was rendered, than has the District or any other court to contemn and disregard it.

If the jurisdiction of this court to remand a civil cause to the court below, or to pronounce a final judgment, depends upon the fact whether in truth " it be necessary that some matter of fact be ascertained," there can be no stability or certainty in its judgment. For if we may set aside the judgments of our predecessors, because in our opinion it was necessary on the record before them, that other facts should have been ascertained before a judgment finally disposing of the case could have been properly rendered, with equal propriety may our successors say that we were mistaken, and may therefore revoke our judgment and restore that of our predecessors. And if the error of the court in holding that the ascertainment of other facts was unnecessary for the final disposition of the case will justify us in declaring their judgment void, must it not follow, if the ascertainment of other facts is indeed unnecessary, that a judgment remanding the cause is unauthorized, and on the theory now insisted upon, the judgment reversing and remanding a cause may be treated as a nullity of the court below or by this court at any subsequent term.

It is insisted that the jurisdiction of this court is appellate only, and that it can therefore render no judgment which the District Court could not have rendered. And because, as it is said the District Court should not have dismissed it over the verdict in favor of the plaintiff below, for this court to do so would be to exercise original jurisdiction, and hence a judgment of this kind must be held to be void. But while the jurisdiction of this court is appellate only, still it extends to and embraces the entire cause, and is not limited to a mere review of the points or questions considered and passed upon in the court below. And if from the nature of its jurisdiction it can only rightfully act as a revisory tribunal, and though it has no greater power

or more enlarged jurisdiction over the cause than had the District Court, as it cannot be maintained that a judgment of that court dismissing the cause under the circumstances suggested, however erroneous, would be a nullity for want of jurisdiction, it should follow from the analogy suggested in support of the motion that a like construction should be given to a judgment of dismissal of the action by this court, however irregular, erroneous, and improper such judgment may evidently be, and however manifest and irreparable may be the wrong and injustice which must result from it. We do not imagine, however, that counsel for the motion will insist that the District Court may not properly, in some circumstances, render judgment for one party *non obstante veredicto* in favor of the other.   If it manifestly appear that the court has no jurisdiction, or if the plaintiff has not shown, and cannot by amendment show, a cause of action, would there be error even in the judgment of the court dismissing the case, notwithstanding a verdict for the plaintiff?   No one, we suppose, will say that there is. And if in a proper case such a judgment should be rendered, then it must be admitted that it is within the jurisdiction of the court to determine whether the case before it is of this character, and while any error into which it should fall by reason thereof should be corrected, it is not therefore to be regarded as a nullity.   And if the District Court could have dismissed the cause *non obstante veredicto*, had a motion to do so been made and overruled, it will not be denied, we presume, that it would have been not only within the jurisdiction but the duty of this court when the case is brought before it to "render  such judgment or decree *as the court below should have rendered or pronounced.*"   And whether the motion was made or not, as the appellate jurisdiction of this court is of the cause and is not limited to the mere questions passed upon in the court below, if in the opinion of the court a judgment of dismissal notwithstanding the verdict should have been

rendered, it certainly must be within the jurisdictive power of this court to pronounce such a judgment. Having acquired by appeal or writ of error jurisdiction of the cause, and the authority to render such judgment as should have been given in the court below, mere error in the judgment which it renders in no way detracts from or lessens its conclusive and binding effect as a final judgment after the close of the term of the court at which it is pronounced.

We have been led to consider the question presented by this motion thus fully, not through any doubt or uncertainty in our minds in respect to the jurisdiction of the court to pronounce such judgment as that rendered by our predecessors in this case, for this power has been exercised from the organization of the court to the present time in cases too numerous for citation, but from the fact that counsel for the motion, while admitting that the court has often rendered judgments of this kind, insists that it has never been done when the jurisdictional power of the court to dismiss a cause in which there has been a verdict for the plaintiff below has been challenged. Whether the objection now taken to the jurisdiction of the court was urged in other cases, when the judgment of the District Court has been reversed on a verdict and the cause was nevertheless dismissed by this court, we are unable to say. Certainly, however, many of the cases which have been dismissed by this court were upon judgments of the District Court on verdicts; and we should feel loath to say, unless warranted by the most cogent reasons or the plain letter of the law, that the learned and eminent judges who have preceded us, by whom these cases have been thus decided, assumed to exercise a jurisdiction not warranted or conferred upon them by the Constitution and laws under which this court is organized, and by which it exercises its powers and functions as an appellate tribunal.

In discussing the question raised by this motion we have considered it, it will be observed, solely with reference to

the power or jurisdiction of the court to render the judgment which we are asked to vacate or reform.    And while we have no hesitancy in this view of it in holding that the jurisdiction of the court is amply sufficient to support the judgment, and that it cannot be questioned in a collateral proceeding elsewhere or in this court at a subsequent time to that at which it was rendered as a nullity, we are not to be understood as approving the practice of rendering final judgments in this court on reversal of the judgment of the court below, whether on verdicts or otherwise, except when it manifestly appears that the ends of justice would not be promoted by remanding the cause to the District Court; for example: when an agreed case has been submitted to the court; when even by every legitimate amendment of the petition the plaintiff would be unable to show a cause of action; when the court below has no jurisdiction, or in other cases of like character which might be suggested, which would necessarily have to be dismissed by the court below if remanded; or where the final disposition of the cause by this court was manifestly essential to the attainment of the ends of justice.

The motion is refused.

Refused.