## JAMES BLEVINS v. MORLEDGE & ALLEN.

1. REFEREE—*Exceptions to Report—Appeal.* Upon the return of a report of referees into court and exceptions having been filed thereto, the court on the third day of November, 1894, overruled these exceptions, to which ruling exceptions were reserved; and a motion to confirm the report of the referees being sustained, judgment was entered thereupon. At the time the court made this entry no further time was given by the court within which to make and serve a case-made, but motions to vacate the judgment and grant a new trial were made and filed on November 6, 1894. *Held:* That the motion for a new trial was made within three days after a "decision of a court," and was in time to bring the case here and give this court jurisdiction.

2. SAME—*Where Three Appointed, Majority May Act.* A reference having been made to three referees, one of whom failed to appear and qualify, the remaining two having qualified and having heard the case and made their report, such report is valid and binding upon the parties agreeing to the reference under the provisions of § 2965, Statutes of Oklahoma, 1893, providing that: "Words giving joint authority to three or more public officers, or other persons, are considered as giving such an authority to a majority of them, unless otherwise expressed in the act giving the authority."

3. SAME—*Jurisdiction—Objection to.* An objection that the trial of the referees was held in the state of Kansas, outside of the jurisdiction of this court, is untenable where the point was not raised at the trial and where it does not appear that the decision was made outside of the jurisdiction.

*Error from the District Court of Logan County.*

### STATEMENT OF FACTS.

This was a proceeding in replevin begun November 21, 1893, and upon December 28, 1893, submitted to referees agreed upon by the parties, under a stipulation which provided:

"That said parties shall hear and determine all issues of law and fact in said cause and report thereon in accordance with the statutes of Oklahoma Territory in such case made and provided."

The referees were Pile, Remick and Hollingsworth, all citizens of Kansas, and it was agreed that they should

sit as referees and hear the cause in Arkansas City, Kansas. The district judge in chambers thereupon ordered and adjudged a reference in the terms, at the place and to the persons agreed upon.

A report and accompanying exhibits of the referees was filed in the district court of Logan county in the cause on the 7th day of January, 1894. The plaintiff in error, defendant below, on the 24th day of April, 1894, filed exceptions to the report of the referees and moved to set it aside. On the 3rd of November, 1894, these exceptions were overruled by the court, and exceptions reserved to the ruling, and a motion to confirm the report of the referees being sustained, judgment was entered thereupon. At the time the court made this entry no further time was given by the court within which to make and serve a case. Motions were made to vacate the judgment and to grant a new trial, which were filed on November 6, 1894, and heard and overruled on the 31st day of December, 1894, and thirty days time given to make and serve a case for the supreme court. The case-made was served within the time granted on the 31st day of December, 1894. It was not, however, served for more than sixty days after the orders complained of, which were made upon the 3rd day of November.

*Baker & DeBois*, for plaintiff in error.

*Pollock & Love* and *Asp, Shartel & Cottingham*, for defendants in error.

The opinion of the court was delivered by

McATEE, J.: It is the contention of the defendants in error, that the case was filed in this court out of time;

that it should have been served within the statutory time, three days after the orders of November 3rd, and because no time was granted at that time extending the time for such service, and that the motion for a new trial in a proceeding like the present must come upon exceptions to the report of the referees, and that the exceptions to the report of the referees, as in other similar cases, were in the nature of a motion for a new trial.

It is provided in § 318 of the code of civil procedure, that:

"A new trial is a re-examination, in the same court, of an issue of fact, after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report or decision, shall be vacated, and a new trial granted, on the application of the parties aggrieved, for any of the following reasons."

The referees were, in this case, authorized to "hear and determine all issues of fact and law in this cause and report thereon." Upon this report a motion to confirm was made, considered by the court, and sustained and a judgment entered thereon. While the matter acted upon was contained in the report of the referees, yet, being but a report, it presented matter not only of law, but also of fact; upon which a "decision of the court" was had before the report could have been sustained and a judgment entered, and the motion for a new trial was properly made after such "decision of the court" was made, nor could the appellant have known, until upon the third day of November, 1894, that the court, by its decision, and upon then finally reviewing the action of the referees, would "confirm their report," and enter judgment thereupon. We cannot, therefore, sustain this contention, but must hold that the cause is regularly here, the motion for a new trial made upon the

sixth day of November, 1894, having been filed in time. We have examined the cases referred to in the brief of the defendant in error but do not find that they sustain the view there sought to be upheld.

It appeared from the record that the attorney for the plaintiff in error had appeared at the hearing before the referees, and after objecting to any action being taken in the cause "had advised Hollingsworth," as he said, "one of the referees, not to appear and qualify, and that he, therefore, objected to any action being taken by the referees in this cause," and that Hollingsworth accordingly refused to appear and qualify and act as a referee.

It is assigned for error that the failure of the referee, Hollingsworth, to appear and act with the other referees invalidates the acts of the referees and their entire report.

It is provided in § 2695, Statutes of Oklahoma, 1893; that:

"Words giving a joint authority to three or more public officers, or other persons, are considered as giving such an authority to a majority of them, unless it is otherwise expressed in the act giving the authority."

Authority is (1) "legal or rightful power," and (5) "a precedent, a decision of a court, an official declaration." (Webster's Dictionary).

The three referees having, by words giving them the joint authority to act as such referees, been legally and rightfully empowered to make a "decision" and an "official declaration," and under our statute, therefore, two of them, being a majority, were authorized to act, it not having been otherwise expressed in the act, (that is, the stipulation and order of the court), giving the authority.

The comprehension of the case under the provision of

this statute is not to be doubted, for all the cases of "joint authority" are comprehended in its provisions, and the jurisdiction which the district court of Logan county had over this case and undertook to exercise, as the statute provides, in appointing the referees at the request of the parties to the case, was nothing more or less than that authority given to judicial officers to take cognizance of and decide cases, and authority to hear and determine a cause is constantly interpreted as the equivalent of jurisdiction. (*Cooper v. Reynolds*, 10 Wall. 317; *Underwood v. McDuffee*, 15 Mich. 368; *Shumway v. Bennett*, 29 Mich. 452; *Cole v. Supreme Court*, 63 Cal. 86; 3 Ohio, 494; 6 Peters, 591; *Brownsville v. Basse*, 43 Tex. 449).

It is however assigned as error that the referees were empowered to act as such referees at Arkansas City, in the state of Kansas, and that this is error. We do not think that this assignment is well founded.

Upon this subject it has been decided that, while it is true that the reference, if required, must be held within the jurisdiction, that yet the objection that the trial was held outside the jurisdiction is untenable where the point was not raised at the trial, and where it does not appear that the decision was made outside the jurisdiction. (*Black v. Lyon, etc. Manufacturing Co.*, 77 N. Y. 626). It was again assigned as error that the report of the referees was not, in fact, such as was required by the law in suits of replevin, in as much as the referees did not fix a specific valuation upon each piece of property replevined.

No demand was made for such "specific valuation," and no aid furnished by the plaintiff in error, to the referees at the hearing before them to make it, and no

10 —v.

exception was taken to the manner in which their report was made as to the valuation of the property replevined by the appellant.    The point was, therefore, waived.

The defendant, plaintiff in error, assigns as error that he did not have a trial by jury.    This was waived by his agreement to a reference.

Other assignments of error were made, but were abandoned, not having been argued in the briefs.

The case will be affirmed.    It is so ordered.

Dale, C. J., having presided in the court below, not sitting; all the other Justices concurring.