**SEQUOYAH OIL & REFINING CO. et al. v. SUNDAY.**

No. 12035—Opinion Filed Jan. 15, 1924.

(Syllabus.)

1. **Appeal and Error—Failure to Preserve Error—Approval of Referee's Report.**

Where the motion for new trial filed fails to assign as error the order of the court approving the referee's report, alleged error predicated upon order approving such report cannot be reviewed on appeal.

2. **Appeal and Error—Findings in Equitable Action—Sufficiency of Evidence.**

In an equitable action the findings of the trial court will not be disturbed on appeal, unless it appears that such findings are clearly against the weight of the evidence.

3. **Appeal and Error—Presumptions in Favor of Judgment.**

It is not the duty of this court to search the record to find some theory upon which to reverse the judgment of the trial court, for this court will always indulge the presumption that the judgment of the trial court is correct, and it is incumbent upon an appellant to show affirmatively that prejudicial error has been committed.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by W. E. Sunday against Sequoyah Oil & Refining Company, a corporation, et al., for specific performance of contract and accounting. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

Moss & Owen and J. P. O'Meara, for plaintiffs in error.

Holtzendorff & Holtzendorff, and F. M. Carter, for defendant in error.

KENNAMER, J. W. E. Sunday, plaintiff, instituted this action in the district court of Okmulgee county against the Sequoyah Oil & Refining Company, a corporation, and James D. Ward, defendants, to compel the defendants to convey an undivided one-eighth interest in certain oil and gas leases and for an accounting of the proceeds from the operation thereof. Judgment was rendered in favor of the plaintiff approving the report of the referee and decreeing the plaintiff an undivided one-eighth interest in certain leases and money judgment for one-eighth of the proceeds from said leases less operating expenses.

It is admitted by the parties that the plaintiff and Sequoyah Oil & Refining Company entered into a written contract on the 1st day of November, 1916, under the terms of which the plaintiff agreed to purchase for and on behalf of the defendant Sequoyah Oil & Refining Company oil and gas mining leases and leasehold estates, or lands and interest in lands, thought to be valuable for oil and gas deposits, the plaintiff to receive for his services rendered $5 per day and all necessary expenses incurred in the business of the company.

The sixth paragraph of the contract provided that, in addition to other compensation provided for in the contract the plaintiff, Sunday, should receive as compensation an individual one-eighth interest in and to all properties the purchase of which was originated by Sunday.

The eighth paragraph of the contract provided:

"This contract is to be carried out in a spirit of fairness to all parties, the parties agreeing to use due diligence and the utmost good faith in the performance of the contract."

The referee heard the testimony of numerous witnesses and much documentary evidence was introduced, and he found that the plaintiff performed all of his obligations under the contract. No motion for new trial was ever filed or presented to the trial court assigning as error the order of the court approving the referee's report. The rule is well settled in this jurisdiction that, where no motion for new trial is filed after the approval of the report of a referee, the error of the court, if any, in approving such report is not reviewable in this court on appeal. Blevins v. Morledge et al., 5 Okla. 143, 47 Okla. 1068; Clark v. Cawdell, 72 Oklahoma, 181 Pac. 285; J. R. Watkins Medicine Co. v. Lizar, 78 Okla. 302, 190 Pac. 552; Johnson v. Henshaw, 80 Okla. 58, 193 Pac. 998.

While a motion for new trial was filed, yet no error was assigned in the motion of the action of the court in approving the referee's report. It is clear from the record in this case that if any error is presented, it only raises the question of the sufficiency of the evidence to support the judgment of the trial court, but counsel have not called our attention to any of the findings of fact that are not amply sustained by the evidence, and it is our conclusion that the evidence conclusively shows that the plaintiff, Sunday, complied with the obligations assumed by him under the written contract in every respect, and that the judgment of the court should be sustained. The rule has long been adhered to by this court that in an equitable action the findings of the trial court will not be disturbed on appeal, unless it appears that such findings are clearly against the weight of the evidence. Potter et al. v. Ertel, 80 Okla. 67, 194 Pac. 201.

Counsel for plaintiffs in error in their brief have not pointed out any particular error committed by the trial court in rendering the judgment complained of, but state, "The court cannot read this record without being impressed that an injustice has been done." It is not the duty of this court to search the record to find some theory upon which to reverse the judgment of the trial court, for this court will always indulge the presumption that the judgment of the trial court is correct, and it is incumbent upon an appellant to show affirmatively that prejudicial error has been committed. However, upon an examination of the briefs and record in the instant case, we are convinced that the judgment of the trial court is correct, except that it is admitted by the parties herein that the plaintiffs in error in another action lost what is known as the Millie and Willie Stevens leases, and the defendant in error in his brief has filed a remittitur of the amount included in the judgment and found to be due the plaintiff from this lease, which amount is $2,022.87. It is, therefore, the opinion of this court that the judgment of the trial court, as so modified, be affirmed and judgment entered on supersedeas bond per journal entry. It is so ordered.

All the Justices concur.