## FRICKENSCHMIDT v. GARNER.

No. 23649.   Nov. 12, 1935.

Wilson & Wilson, for plaintiff in error.

McKeever, Elam, Stewart & McKeever, for defendant in error.

BAYLESS, J. August Frickenschmidt, defendant in an action in the district court of Garfield county, Okla., appeals to this court from a judgment of said court sustaining the demurrer of Harry Garner, plaintiff to the evidence. The parties will be referred to as they appeared in the trial court.

Plaintiff instituted said action for the replevin of certain livestock the possession of which he claimed under a chattel mortgage given by defendant. The answer of the defendant was quite lengthy and included a number of defenses. It is clear that one defense he pleaded was the right to rescind the contract between him and plaintiff and to have the note and mortgage canceled and returned to him and to have certain elements of damages. His answer is also capable of being construed to be an affirmance of the contract between him and plaintiff and for appropriate relief thereunder. The other defenses are immaterial.

At the commencement of the trial the plaintiff moved that defendant be required to elect between disaffirmance and affirmance of the contract, and later in the proceedings raised this question again. From the statements of defendant's counsel to the court and the remarks of the trial judge, it seems reasonably clear to us that defendant intended to pursue a course consonant with disaffirmance of the contract and rescission. At the close of the case the trial judge reconsidered his action in overruling the previous demurrers to the evidence interposed by plaintiff, and sustained the demurrers to defendant's evidence, withdrew the case from the jury, and rendered judgment in favor of plaintiff for the possession of the livestock.

A number of errors are assigned, but one assignment of error—the sustaining of the demurrers to the evidence—seems to us to be well taken, and to necessitate a reversal, thereby rendering discussion of the other assignments unnecessary.

There was sufficient evidence to go to the jury upon the following facts: Plaintiff sold defendant two mules for $180; defendant paid for the mules by executing the note sued upon, and securing the note by giving the chattel mortgage sued upon, which covered not only the mules sold but other livestock of defendant given as additional security; defendant testified that the condition of the mules had been misrepresented to him by

plaintiff, and before the suit was brought offered to return the mules and demanded the return of the instruments, which the plaintiff refused; that the mules were of an inferior quality and under the representations of plaintiff at the time of sale defendant was entitled to rescind; and that plaintiff sued and caused to be served a writ of replevin for possession of the mules together with other livestock described in the mortgage which was mortgaged by the defendant to secure the payment of the note sued upon, and defendant thereupon executed a redelivery bond and retained possession of all of said livestock.

There was sufficient evidence to go to the jury upon the defense of rescission, unless the trial court was of the opinion that the defendant's conduct constituted an affirmance of the contract. It is clear that defendant did not introduce sufficient evidence to establish the damages to which he might be entitled if he was bound to seek the remedy applicable to affirmance. Since the defendant's counsel stated that they were proceeding upon the theory of disaffirmance and had introduced sufficient evidence to go to the jury, and since defendant did not attempt to prove his damages under the theory of affirmance, we must determine whether the trial court erred in sustaining the demurrer.

If the trial court sustained the demurrer upon the theory that defendant was not entitled to go to the jury on the theory of disaffirmance, it committed error. We therefore proceed to investigate the other theory.

If the trial court sustained the demurrer upon the theory that defendant had elected to affirm the contract by his conduct despite his contention that he had disaffirmed the contract, it also committed error.

Plaintiff argues that defendant elected to affirm the contract when he gave the redelivery bond and retained possession of the livestock, for, says the plaintiff, restoration of the property purchased is the first step to rescission. The court may have given consideration also to the defendant's efforts to recover damages.

Awards of money to the rescinding party may be made by the court when asked for and when made for proper elements. These are usually referred to as damages, when oftentimes as a matter of fact they partake more of the nature of allowances of compensation for care of the property, or improvements made, etc. See Black on Rescission and Cancellation (2nd Ed.) vol. 3, chap. 44, and particularly section 695. See, also, 9 C. J. 1261, et seq; and Reeder v. Mitchell, 131 Okla. 126, 268 P. 283. Therefore, the fact that a person seeking to rescind a contract also seeks a monetary award within the rules above cited does not constitute conduct incompatible with disaffirmance.

We now pass to a discussion of the effect of the redelivery bond on the disaffirmance. Plaintiff cites and relies upon Viking Refrigerators v. McMeachin, 145 Okla. 76, 291 P. 521, in which case he contends it was held that the giving of a redelivery bond was evidence of an intention to retain the property, repugnant to rescission. A reading of the case shows that it did not turn upon this one fact, but that the entire course of conduct of the purchaser was inconsistent with and repugnant to rescission. That case differs from this case in that respect, for in this case the entire course of conduct of defendant. under his evidence, was consistent with rescission except the giving of the redelivery bond.

We have not been cited any authority for a defendant executing a redelivery bond for a portion of the property replevied. thereby acceding to the correctness of the plaintiff's claim as to part of the property and contesting the plaintiff's claim to the part retained by virtue of the redelivery bond. Without passing upon the question of whether such a right exists, we will proceed to consider the defendant's act in the light of its effect upon his right to rescind.

The duty of a person desiring to rescind a contract is set forth by statute in this state. Section 9500, O. S. 1931 (5079, C. O. S. 1921), reads:

"Rescission, when not affected by consent, can be accomplished only by the use, on the part of the party rescinding. of reasonable diligence to comply with the following rules:

"First: He must rescind promptly upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability and is aware of his right to rescind; and,

"Second: He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

The evidence on the part of the defendant was to the effect that as soon as he learned of the condition of the mules and believed

that their condition had been misrepresented to him he told the plaintiff thereof and demanded rescission and restoration. If the jury believed that, it was sufficient to support a verdict to the effect that he had complied with the first duty imposed by statute.

The evidence on the part of the defendant was that he offered to return the mules, and demanded a return of his instruments. He pleaded in his answer an offer to return the mules and demanded a cancellation of his instruments. The second duty under the statute quoted is in the alternative, and the second alternative is conditional. In other words, if defendant's offer to restore is conditioned upon plaintiff likewise restoring, defendant has complied with the statute; and, if plaintiff refuses the conditional offer, the defendant is not bound to restore, but may retain the possession of the property and sue for rescission. He is not bound absolutely and in all events to restore to the plaintiff that which the plaintiff is willing to receive back, but is unwilling to restore what he received. The defendant must pursue a course consistent with this conditional tender ever afterwards.

Did the defendant's act of regaining possession of the mules sold to him by plaintiff by executing the redelivery bond constitute an act inconsistent with this conditional tender? We think not. It is not clear that he could have executed a bond to retain all of the livestock except the two mules. It is clear that the plaintiff had refused the voluntary tender of the defendant and that defendant had a right to retain the mules in the face of this refusal. It is just as clear to us that when plaintiff instituted his replevin action and tried to take possession of the mules by force of law, and in addition to take possession of other livestock to which he had no right of possession if the contract was rescinded, the defendant was not bound to acquiesce therein and refrain from regaining possession under bond in order to avoid being guilty of conduct repugnant to the rescission. The defendant had the legal right to resist plaintiff's efforts to get these mules without surrendering the note and chattel mortgage. The defendant followed the retention of this property under bond by again tendering the property conditionally. Under all of these facts, we are of the opinion that defendant's course was one consistent with rescission.

All of what we have said regarding the effect of the defendant's evidence has been said with the idea that it was sufficient to go to the jury upon all of these points, and we have not adopted it as being conclusive. We think it was sufficient to go to the jury, and that the trial court committed error in sustaining the demurrer thereto and in withdrawing the case from the jury and rendering judgment for plaintiff for the possession of the property replevied.

The cause is reversed, with directions to proceed consistent with the views herein contained.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.