## LORANCE v. HOME BUILDING & LOAN ASS'N.

No. 26143.   May 25, 1937.

Charles West, for plaintiff in error.

Albert H. Bell, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county. The action was instituted by Home Building & Loan Association, a corporation, as plaintiff, against George W. Lorance, Elsie Lee Lorance, Finerty Investment Company, a corporation, and Peck & Hill Furniture Company, as defendants, to obtain a money judgment against George W. Lorance and the foreclosure of a real estate mortgage.

In the petition, which was in the usual form for the foreclosure of real estate mortgage, it was alleged that George W. Lorance was an unmarried man at the time of the execution of the note and mortgage, and that he had subsequently married the defendant Elsie Lee Lorance, and that she and the other defendants claimed some interest adverse to the plaintiff in the mortgaged premises, which claims plaintiff averred were subsequent, junior, and inferior to its lien and claim, and plaintiff requested that the defendants be required to set up their claims so that the same might be foreclosed and barred. Service by publication was had upon George W. Lorance and Peck & Hill Furniture Company, and they, together with the defendant Finerty Investment Company, permitted judgment to go against them by default. The defendant Elsie Lee Lorance filed a separate amended answer wherein after general denial she alleged that she was the equitable owner of the mortgaged premises and entitled to a claim of homestead therein; and further that she was entitled to the rights of a putative wife under the provisions of the treaties between the United States and France and Spain pursuant to which the Louisiana Purchase was consummated; and further pleaded that the note and mortgage sued upon by the plaintiff were usurious and void. Reply was in the form of a general denial. Upon the issues thus framed, the cause came on for trial before a jury. At the conclusion of defendant's evidence the plaintiff interposed a demurrer thereto, and the court thereupon withdrew the cause from the jury and rendered a judgment in favor of the plaintiff establishing its mortgage lien and foreclosing the same. The defendant Elsie Lee Lorance appeals from the judgment thus rendered and the order overruling her motion for a new trial. We will hereafter refer to the parties in the order of their appearance in the court below. Defendant contends that she was

entitled to go to the jury on her claim of title and defense of usury. This claim appears to be based upon the assumption that since the action was one at law and her defenses were legal, the court was without power to withdraw the case from the jury and to decide the same. This contention is not tenable. As said in Ames v. Milam, 53 Okla. 739, 157 P. 941:

"Under Rev. Laws 1910, sec. 5002. subd. 3, providing that, if the court shall sustain a demurrer to the evidence, such judgment shall be rendered for the demurring party as the state of the pleadings or the proof shall demand, the rendition of judgment for plaintiff in an action to foreclose the vendor's lien, on sustaining a demurrer to the evidence for the defendant, though no verdict has been returned by the jury, is not error."

The record before us contains none of the evidence introduced at the trial. Since it appears that the court withdrew the case from the jury after a demurrer to the defendant's evidence had been interposed, we must presume that the trial court was of the opinion that the defendant's evidence was insufficient to sustain any verdict which the jury might render in her favor. This action by the trial court did not constitute a denial of a jury trial as the defendant contends, but was a mere exercise of duty resting upon the court if the evidence of the defendant presented no question of fact. The authorities cited by the defendant are not pertinent under the record which she presents here. As said in Sequoyah Oil & Ref. Co. v. Sunday, 101 Okla. 44, 223 P. 665:

"It is not the duty of this court to search the record to find some theory upon which to reverse the judgment of the trial court, for this court will always indulge the presumption that the judgment of the trial court is correct, and it is incumbent upon an appellant to show affirmatively that prejudicial error has been committed."

Since in the record which the defendant has submitted no error is pointed out or appears, the judgment of the trial court will not be disturbed.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and HURST, JJ., concur.