CREACH et al. v. HOME OWNERS' LOAN CORPORATION.

No. 30422. Nov. 17, 1942.

*131 P. 2d 108.*

Bell & Rowles, of Tulsa, for plaintiffs in error.

A. M. Frazier and Ernest B. Lykins, both of Dallas, Tex., for defendant in error.

PER CURIAM. Plaintiff brought an action in foreclosure on a Home Owners' Loan Corporation real estate mortgage on a dwelling house in the city of Tulsa, Okla. The real estate mortgage was made and executed by the defendants for the purchase of said property. The defendants filed an answer and cross-petition alleging that certain agreements in writing as to repair of the electrical wiring and the plumbing were not kept. At the conclusion of the evidence the court sustained a motion for directed verdict for the plaintiff and entered judgment for $2,916.61, with interest and $65 attorneys' fee. Defendants have appealed, and so far as we are able to find there are no specifications of error in the brief. It is stated that the brief is based upon the proposition that the trial court erred in sustaining the demurrer to defendants'

evidence on their answer and cross-petition, and in rendering judgment for the plaintiff. We shall treat this as an allegation based upon the alleged agreement to repair the utilities in the house on the premises. It is claimed that the plumbing was bad and the bathtub was all stopped up; that the electric wiring was faulty.

The action was brought against Libbye F. Creach, a widow, and David C. Creach, a single man, her son, who signed both the note and mortgage, although it appears that the deed was made only to Libbye F. Creach. No objection is made to this procedure and no objection is made to the further fact that at the time of the signing David C. Creach was apparently under 21 years of age.

Defendants introduced in evidence in support of their answer and cross-petition a copy of a contract signed only by David C. Creach, but it is not seriously contested that this was the original contract of purchase, and it was in this contract that it is claimed the plaintiff made the agreement to turn over the premises with the utilities in workable condition. We think the evidence showed without dispute that from the time the defendants took possession of the place on December 30, 1938, the hot water tank was giving them some trouble. However, the evidence, with regard to what complaint was made, is not clear. Aside from this, there is some evidence that a part of the wiring was defective and that the bath drain was in disrepair, and perhaps the toilet stool was leaking, but there is evidence that everything with the exception of the hot water tank had been repaired. So far as the record shows, for $20 or $30 the entire list of defects could have been remedied, and so far as we are able to gather from the record, during all of this time the defendants were in default of monthly payments after the 1st day of January, 1939, when they made their first payment in addition to the original payment on taking possession of the premises.

It is the contention of the defendants

that they made sufficient tender under the statutes and the laws of this state, and that they were entitled to rescind the contract and to have the money that the defendant Libbye Creach had expended returned to her, and the plaintiffs were thereupon entitled to be reinvested with the title. As held by the trial court, only a material breach authorizes a rescission, and only if the consideration fails in a material respect. Howe v. Martin, 23 Okla. 561, 102 P. 128; 15 O. S. 1941 § 233. After a material breach it is the duty of the party wishing to rescind to act promptly as soon as he learns of said material breach. Evans v. Turney, 177 Okla. 550, 61 P. 2d 237. The trial court held that by staying on in the premises until April 11, 1940, the defendants had failed to rescind promptly. With this holding we are in complete accord. As stated by this court in Frickenschmidt v. Garner, 174 Okla. 559, 51 P. 2d 537, cited and relied upon by the defendants, the entire course of conduct of the purchasers was inconsistent with and repugnant to rescission. It is true that in Frickenschmidt v. Garner, supra, we stated that defendant alleged either rescission or damages, but the opinion is based on the fact that it fairly stated a ground for rescission. Here a ground for rescission is not stated and the court properly held that the defendants by staying in the premises until April 11, 1940, had precluded any right of rescission. No evidence was offered on damages caused by failure to repair or by reason of repair other than hereinafter discussed. When the plaintiff offered evidence that repairs had been made, the defendants objected and this objection was sustained, so that when the trial was concluded there was no evidence of the loss and damage by the failure to repair and no evidence of any money expended for necessary repairs. Neither was there any evidence of how much money it would be necessary to expend for repairs. This was all excluded on the defendants' theory that they had exercised their right to rescind and that it was the duty of the court to order a rescission and base its judgment thereon.

Evidence was offered and accepted by the trial court regarding some tenants on the premises who were paying $18 per week for board and room. It was the theory of the defendants that these tenants removed from said premises because of the imperfect condition of the utilities. The principal claim of said tenants was that they could not use the hot water tank. Damages claimed for a breach of contract to be recovered must be clearly ascertainable and within the contemplation of the parties to the contract. Chorn v. Williams, 186 Okla. 646, 99 P. 2d 1036. The plaintiff would not be liable for the loss of rents from failure to rent rooms unless the property was sold with the understanding that it was to be so rented and the breach thereof anticipated such damages under the contract. In this connection see Eason Oil Co. v. Whiteside, 175 Okla. 254, 52 P. 2d 35.

It is the duty of the trial court to direct a verdict for the plaintiff when the evidence clearly establishes the right to recover and the defendants do not offer sufficient evidence to justify a verdict. Gibson v. Johnson, 180 Okla. 417, 69 P. 2d 329; Witt v. Garrod, 187 Okla. 14, 101 P. 2d 619; Lorance v. Home Building & Loan Ass'n, 180 Okla. 168, 68 P. 2d 416; Chorn v. Williams, supra.

Finding no error, the judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and BAYLESS, JJ., absent.