Clifford V. CROWELL and Virginia M.
Crowell, Appellees,

v.

E. L. WHITMIRE, Jr. and Wanda Sue
Whitmire, Appellants.

No. 47389.

Supreme Court of Oklahoma.

March 23, 1976.

Rehearing Denied April 20, 1976.

Reid K. Mayfield, Atoka, and Stamper & Otis, Antlers, for appellees.

Moore & Shanahan, Bill Moore, Atoka, for appellants.

LAVENDER, Justice:

Action to quiet title to and secure possession of a 140-acre tract in Atoka County, and declare forfeiture under contract of sale, brought by Clifford V. Crowell and wife, Virginia M. Crowell (sellers, Crowells) against E. L. Whitmire, Jr. and wife Wanda Sue Whitmire (buyers, Whitmires). Sellers alleged a default by buyers in failing to make the annual payments under written contract of sale. Buyers denied any default and cross-petitioned alleging slander of title and damages. Trial to the court. Judgment for plaintiffs and demurrer sustained as to the cross-petition.

Whitmires went into possession of the Crowell tract probably in 1968. The arrangement was oral. The parties are not too clear and their testimony tends to conflict as to when this was changed from a rental to a buy and sell agreement. That too was oral and at the earliest occurred in 1969. Under the arrangement, Whitmires paid Crowells $1,000 on December 15, 1969, and another $1,000 on January 13, 1971.

On April 27, 1971, the parties entered into a written contract of sale. The contract was printed in form with blanks filled in by an abstractor at their request. It provided for a purchase price of $17,500 with an acknowledged down payment of $2,000, leaving the principal balance of $15,500 to draw interest at the rate of 5½% per annum. The principal and interest were to be paid in annual installments of $1,000 commencing on the 15th day of December, 1971, and on like date each year until paid.

The same day as the contract, April 27, 1971, seller Crowell and buyer Whitmire placed the contract and deed in escrow with Miller, vice-president of Bryan County National Bank at Caddo. Crowell had allowed a mortgage loan on the land with the Farmers Home Administration to become delinquent some $5,800. As part of the transaction, buyer Whitmire borrowed from the bank $1,800 which he paid to seller Crowell. Seller Crowell borrowed from the bank $4,000. At that time, banker Miller made pencil notations on the envelope holding the escrowed instruments as follows:

| 1969 | $17,500.00 | | |
| | 37.50 | Int 967.50 | 5½% |
| | 17,462.50 | | |
| 1970 | 39.56 | Int 960.44 | |
| | 17,422 94 | | |
| 4–27–71 | 1,800 00 | | |
| | $15,622 94 | | |

Thereafter and on December 14, 1971, Whitmire gave the bank a check in the amount of $1,514.38 for Crowell's benefit to be applied on Crowell's bank loan of $4,000.

Appellant buyer argues the entire two $1,000 payments paid prior to the written contract should be applied to and constituted the acknowledged $2,000 down payment. The $1,800 payment paid the date of the contract was payment of the annual installment in advance to aid Crowell make current the mortgage loan against the property. The $1,514.38, paid for the benefit of the seller on the seller's bank note, made a

total payment of $3,413.38 since entering into the contract. That constituted over three annual payments or through December 15, 1973. Buyer had not defaulted the contract.

Appellee seller argues the down payment was represented by that portion of each of the two $1,000 credited by the banker to principal payment for a total of $77.06 plus the $1,800 paid the date of the contract. He explains that amount as all the buyer could borrow from the bank at that time. The only amount which should be credited to the annual installment was the payment by buyer to the bank for the benefit of the seller of $1,514.38 on December 14, 1971. Default of the contract occurred when the December 15, 1972, installment was not paid in full.

The only relevant witnesses were Crowell, Whitmire, and Miller, the banker. Miller did not fill in the contract blanks for the parties. He testified as not remembering if the $1,800 was to be credited to the down payment. He did testify the notations on the envelope were his, made that day, at the directions of Crowell and Whitmire, and they were agreed on that. Whitmire testified Miller wrote the notations on the envelope in his presence. Whitmire was satisfied Miller wrote them just like Crowell and he had agreed to.

■ Buyer Whitmire took possession of the land prior to execution of the contract of sale. Seller Crowell was entitled to a return for giving his possession as owner to Whitmire. The annual payments of $1,000 before the written contract must be considered either rent or interest on the purchase price. As agreed by the parties and noted by the banker, each payment was considered, first, as payment of interest on the unpaid balance of the purchase price with any unused portion, after interest, applied to principal. These credits with the $1,800 paid the date of the contract constituted the down payment acknowledged in the contract. The first an-

nual payment of $1,000 due December 14, 1971, was satisfied with the payment to the bank for the benefit of Crowell with an overpayment of $514.38 to be credited on the $1,000 annual payment due December 15, 1972. The balance of that payment was not made. The buyers defaulted under the contract. The sellers are entitled to have their title quieted, recover possession of the real property, and retain the monies paid as liquidated damages as provided in the contract. *King v. Oakley*, Okl., 434 P.2d 868 (1967).

■ In actions of equitable cognizance this court will examine the entire record and weigh the evidence, but unless the judgment rendered is clearly against the weight of the evidence it will not be disturbed on appeal. *Berland's, Inc. of Tulsa v. Northside Vil. Shop. Ctr.*, Okl., 378 P.2d 860 (1963), citing *Liberty Plan Co. v. Francis T. Smith Lumber Co.*, Okl., 360 P. 2d 500 (1961). In their briefs, buyers recognize this to be an action of equitable cognizance.

■ We agree with the opinion of the Court of Appeals, the contract is clear and not ambiguous as to the amount of the annual payment in the total sum of $1,000, including principal and interest. There is evidence the parties themselves probably treated it differently. This issue is not determinative of this case under this opinion as written.

With the granting relief to the plaintiffs, there could be no cross-petition maintained under a theory of slander of title or that the action was frivolously brought.

Certiorari granted with decision of the Court of Appeals reversed and the judgment of the trial court affirmed.

DAVISON, BERRY, SIMMS, and DOOLIN, JJ., concur.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN and BARNES, JJ., dissent.