**MID–STATE HOMES, INC., a corporation, Appellant,**

v.

**Charles P. DONNELLY and Pricilla A. Donnelly, husband and wife, Appellees.**

**No. 49631.**

Supreme Court of Oklahoma.

Feb. 7, 1978.

Lawrence A. G. Johnson, Farmer, Woolsey, Tips & Gibson, Inc., Tulsa, for appellant.

Joe P. Robertson, Wagoner, for appellees.

LAVENDER, Vice Chief Justice:

The appellees, Charles P. and Pricilla M. Donnelly, husband and wife, (Donnellys) contracted with Jim Walter Homes, Inc. (builder) for the construction of a shell house on their real property. Principal part of the contract price was paid by the Donnellys executing a non-negotiable note, secured by a real estate mortgage, to the builder. The builder assigned the note and mortgage to Mid-State Homes, Inc. (Mid-State), appellant. Note and mortgage were given under the same date as the building contract, and provided for monthly payments over a fifteen year period.

After the Donnellys made improvements to the interior of the shell house and were living there, problems developed that included both the foundation and the roof. Being dissatisfied with the builder's efforts to repair, the Donnellys stopped making the monthly payments.

Mid-State brought foreclosure action against the Donnellys. Through a third party petition, the Donnellys made the builder a party. Both actual and punitive damages were sought from the builder by the Donnellys. Trial was to the court. Judgment entered that refused the Donnellys recovery on their third party petition, but found faulty construction constituting breach of warranty, lack of consideration, and fraud; and had the effect of cancelling the note and releasing the mortgage. Mortgage holder, Mid-State, appeals. There is no appeal on the third party action.

Mid-State argues (1) trial court had no power to cancel the note and release the mortgage; (2) at most, judgment should have required only repair of the house; (3) fraud was not proven; and (4) no grounds to rescind.

█ Here, Mid-State, as the holder of the note and mortgage, had filed a waiver of personal judgment against the Donnellys. The trial judge sat as a court of equity as to the foreclosure action. *Mackey v. Lefeber,* 172 Okl. 99, 45 P.2d 148 (1935); *Irwin v. Sands,* Okl., 265 P.2d 1097, 1100 (1953). In the foreclosure action of *Murphy v. Fox,* Okl., 278 P.2d 820 (1955), by syllabus this court said, "* * * it is the province of a court in its equitable power, to see to it that the party invoking its relief shall have dealt fairly, before relief is given." We cannot agree the trial court, here, had no power to refuse relief, by way of foreclosure, to the mortgage holder. The note was non-negotiable, and Mid-State does not contend it holds free of any defenses that could be raised against the builder.

█ After hearing the evidence, the trial court viewed the premises. In the journal entry of judgment, the trial court found improper installation of the windows and roof, with the roof sagging; walls were not plumb; floors were not level; cement footings were not of depth called for in the plans; house had settled; foundation had cracked; and the hardwood floors had

buckled. Trial court concluded such defects constituted a failure of consideration for the note and mortgage.

We have reviewed the record. The Donnellys testified as to all of the problems and defects found by the trial court. A contractor told of inspecting the home and finding the footings improper as to depth and the placing of the rebar at the bottom of a footing instead of inside so as to hold the footing together. That witness found a footing cracked, and portions of the foundation coming loose. He examined the roof and found it to sag. He considered the roof as not properly braced. He also found the same problems with the windows and floor as did the Donnellys. The regional manager of the builder confirmed some of the problems. He told of a prior effort to repair the foundation for approximately $75. He felt the buckling of the floor was due to the laying of linoleum by the Donnellys over the hardwood. He testified the necessary repairs could be made for about $400. We have weighed the evidence. We cannot say the trial court's findings are against the clear weight of the evidence and the conclusions contra to established principles of equity. *Crowell v. Whitmire,* Okl., 548 P.2d 221 (1976).

■ Nor do we fault the trial court for finding a lack of consideration to support the debt evidenced by the note, and its securing mortgage. Here, there was such a poorly constructed house as to be a material breach of the construction contract with the consideration given for the note and mortgage failing in a material respect. *Creach v. Home Owners' Loan Corporation,* 191 Okl. 484, 131 P.2d 108 (1942). Mid-State argues under *Creach, supra,* prompt action, upon learning of the breach, is lacking in present case. Here, the circumstances are different. Although the Donnellys lived in the house for a substantial length of time prior to suit, since the construction contract was for a shell house, they necessarily made improvement without knowing of the problems. The defects were of a nature as to require time to develop. The builder's attempt to repair took time to determine if it corrected the problem. There was evidence of the builder promising relief by actions in the future that did not materially develop. With these circumstances, equity does not hold the Donnellys to the promptness of *Creach, supra.*

A determination of a failure of consideration to support the mortgage indebtedness is dispositive of this appeal. The issues of fraud, a possibility the house could be repaired, and of unjust enrichment need not be decided.

Affirmed.

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.